[No. 22104. Department One. February 24, 1930.]

WILLIAM H. HARRY *et al., Appellants,* v. H. E. PRATT
*et al., Respondents.*[1]

*John F. Dore, F. C. Reagan* and *James F. O'Brien,*
for appellants.

*Ellis & Evans,* for respondent Pratt.

*J. H. Gordon,* for respondent Ely.

PARKER, J.—The plaintiffs, Harry and wife, seek recovery of damages for personal injuries suffered by Mrs. Harry claimed as the result of the negligent driv-

[1]Reported in 285 Pac. 440.

ing by the defendants, Pratt and Ely, of their respective automobiles along a paved public highway, causing their automobiles to come into collision and Pratt's automobile to be thrown off the pavement striking Mrs. Harry who was then walking along the side of the highway off the pavement.

The cause proceeded to trial in the superior court for Pierce county sitting with a jury, the issues being as to the negligence of Pratt and Ely, or one or the other of them, as a proximate cause of Mrs. Harry's injuries, and as to the contributory negligence of Mrs. Harry. At the conclusion of the evidence introduced in behalf of Mr. and Mrs. Harry, the trial court, in response to motions made by respective counsel for Pratt and Ely, withdrew consideration of the case from the jury, deciding as a matter of law that the evidence would not support any finding of negligence on the part of either of them, and rendered a judgment of dismissal accordingly. From this disposition of the case in the superior court, Mr. and Mrs. Harry have appealed to this court.

The highway in question is a rural paved highway running north and south. Its pavement is about twenty feet wide; that is, wide enough for cars to safely pass each other when going in opposite directions, but not wide enough for a car to safely pass a car going in the same direction when another car is approaching from the opposite direction. On each side of the pavement is a dirt shoulder, on the same level as the pavement, about three feet wide. There is a small ditch just outside each dirt shoulder. Pedestrians are in the habit of walking on the dirt shoulder along a path a foot or two from the outer edge of the pavement. Mr. and Mrs. Harry live near the highway.

At the time in question, Mrs. Harry was going to visit a neighbor, walking north along the path on the

dirt shoulder on the east side of the highway off the pavement. At the same time Ely was driving his car north along the east half of the pavement. At the same time Pratt was driving his car north along the east half of the pavement, following Ely, evidently at considerable speed, rather close behind. Ely, seeing Mrs. Harry walking along the path, stopped his car on the pavement about opposite her to invite her to ride with him, evidently prompted by a desire to help Mrs. Harry, an elderly woman, on her way.

Immediately upon Ely's stopping his car, Pratt being unable to pass Ely's car on the left because of the approach of another car from the north, and unable to timely stop his car, it came into collision with the rear of Ely's car. Pratt's car, as the result of the collision, was thrown with its rear to the right onto the dirt shoulder, clear over to the ditch, turning over and striking Mrs. Harry and causing her injuries for which recovery is sought in this action. Both Ely and Pratt were questioned as witnesses for Mr. and Mrs. Harry. Ely testified in part as follows:

"Q. Did you see Mrs. Harry along the side of the highway? A. Yes, sir. Q. Will you tell the jury just what happened? A. The lady was walking along the highway, not on the pavement, but on the path at the side. I saw her walking along there and I slowed up to ask her if she wanted a ride. Just as I came to a stop by the side of her—I had not seen the car coming from behind—the car from behind hit me; that is Mr. Pratt's car; and in some way in hitting the back of my car it whirled the rear end around and down to the little ditch. It threw his rear end around and as it did that it upset very slowly. He was nearly stopped at the time he hit me. As the car turned over, as near as we could figure, the top hit this lady and knocked her down a few feet ahead of the car. I got out immediately and she commenced getting up, and we helped her in our car. She was rather dazed but I

did not think at the time she was unconscious at all. . . . I turned around and took her home . . . Q. At the time you stopped your car did you signal for a stop? A. I do not know.''

Pratt testified in part as follows:

''Q. It was your car that was in the collision in which Mrs. Harry was injured? A. Yes. Q. Did Mr. Ely signal to you that he was going to stop? A. I did not see him. Q. Were you watching the car ahead of you? A. Yes. Q. Did you bump into Ely's car? A. Yes, sir. Q. And your car then went into the ditch and knocked Mrs. Harry down? A. The hind end of my car went into the ditch and tipped over. Q. Did you see her prior to the accident? A. Yes, sir. Q. On which side of the Ely car did you hit? A. I hit the rear and a little to the right, judging from the way my car was when I got out. Q. Do you know how wide that pavement is? A. No, sir. Q. Why didn't you pass Mr. Ely on the left? A. There was a car coming up there. Q. Did you see that car coming? A. Yes. Q. Was there room for a car between them? A. I think not.''

Mrs. Harry was not able to state what was done by Ely or Pratt immediately before she was struck; this evidently because of the suddenness with which the accident happened and the approach of the automobiles from her rear, though she seems to have been conscious of the fact of Ely's car stopping on the pavement immediately before she was struck by Pratt's car.

The statutory prescribed rules of the road applicable to the duty of Pratt and Ely are found in Laws of 1927, ch. 309, p. 770 (Rem. 1927 Sup., § 6362-3). In section 3, subdivision (a), we read:

''Every person operating or driving a vehicle of any character upon a public highway of this state shall drive the same in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and char-

acter of the traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface and freedom of obstruction to view ahead, and so as not to unduly or unreasonably endanger the life, limb, property or other rights of any person entitled to the use of the street or highway and in no event at a speed greater than forty miles an hour.''

In § 41, subd. 10, we read:

''It shall be the duty of every person operating or driving any vehicle along or over any public highway and intending to stop, to extend his arm from the left side of the motor vehicle or other vehicle or animal and extend downward for a reasonable length of time before stopping.'' (Rem. 1927 Sup., § 6362-41.)

As to the question of Pratt's being negligent and his negligence being a proximate cause of Mrs. Harry's injuries, we think the jury would have been warranted in finding that he was negligent, considering the apparent nearness he was driving behind Ely's car, the approaching automobile from the north preventing his passing to the left of Ely's automobile, and his speed indicated by the impact of the collision; though Ely might not have signaled his intention to stop on the pavement. That is, that Pratt was not driving in a careful and prudent manner under the existing conditions, and that such negligence on his part became a proximate cause of Mrs. Harry's injuries. So we are of the opinion that the showing was such as to call for a decision by the jury, and not by the court, as to whether or not Pratt was negligent and as to whether or not such negligence was a proximate cause of Mrs. Harry's injuries.

As to the question of Ely being negligent and his negligence being a proximate cause of Mrs. Harry's injuries, we think the jury would have been warranted in finding that he was negligent, in that he stopped his car on the pavement without taking notice of Pratt's

comparative near approach to him from the rear, and without giving any warning sign of his intention to stop on the pavement; and that such negligence on his part became a proximate cause of Mrs. Harry's injuries. We are therefore of the opinion that the showing was such as to call for decision by the jury, and not by the court, on the question of Ely's negligence and as to it being a proximate cause of Mrs. Harry's injuries.

■ As to the question of Mrs. Harry's contributory negligence, which question the court did not decide against her, though some contention is made that the court should have so decided it, it seems plain that she was walking along the path on the dirt shoulder, well off of the pavement, where she had a right to walk in the belief of that being a safe place for her to walk, free from the dangers of proper automobile driving along the pavement. Clearly, we think this record fails to show that she was guilty of any negligence contributing to her injuries. *Barach v. Island Empire Tel. & Tel. Co.*, 151 Wash. 279, 275 Pac. 713.

We conclude that the judgment of dismissal must be reversed and Mr. and Mrs. Harry awarded a new trial. It is so ordered.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.