[No. 23045. Department One. August 25, 1931.]

WILLIAM HANSON, *Respondent*, v. FRED EILERS *et al.,*
*Appellants.*[1]

*I. J. Bounds,* for appellants.
*Frank J. Allen,* for respondent.

[1]Reported in 2 P. (2d) 719.

MAIN, J.—This action was brought to recover damages for personal injuries. The defendants denied liability, and affirmatively pleaded contributory negligence. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that the plaintiff was entitled to recover. Judgment in the sum of two thousand dollars was entered against the defendants, from which they appeal.

The facts are these: The accident out of which the litigation arose happened on Asotin street, in the town of Toppenish, November 17, 1929, at about two o'clock, a. m. The street, through the block where the accident happened, extends east and west, and is paved in the center to the extent of eighteen feet, on either side of which is a dirt or gravel shoulder substantially level with the pavement. The respondent was walking west and, as he says, about three feet off the pavement on the north side. The street, as it enters this block from the south and southwest, makes a curve or bend. Louis Eilers, a young man eighteen years of age, driving a Chevrolet roadster, came around this curve, as he and his witnesses say, at a speed of from fifteen to twenty miles an hour; the witnesses for the respondent testifying that he was traveling from thirty-five to forty miles an hour. After making the curve, the automobile struck the respondent, inflicting injuries for which he sought recovery in this action.

The first question is whether the driver of the automobile was guilty of negligence. He testified that he saw the respondent when he was eighteen or twenty feet back of him. If, at this time, the automobile was driven at fifteen or twenty miles an hour, there was no reason why the driver could not have turned to the right or left and avoided the accident; on the other hand, if the automobile was being driven at a speed of thirty-five or forty miles an hour, there can be no

question about the negligence of the driver. It does not appear, however, to be seriously contended that the driver of the automobile was not guilty of negligence.

The next question is whether the respondent was guilty of contributory negligence, and this depends upon whether he was on the pavement or to the right at the time he was struck. If he was on the pavement he was violating Rem. Comp. Stat., § 6340, subd. 7, which provides that pedestrians on public highways between the period from one-half hour after sunset to one-half hour before sunrise shall travel on and along the left side of the highway, and the pedestrians upon meeting an oncoming vehicle shall step off the traveled portion of the highway. The respondent was traveling on the right side of the highway. The driver of the Chevrolet and his witnesses who saw the accident testified that the respondent was on the pavement when he was struck; the respondent testified that he was on the gravel about three feet off the pavement. One C. F. Matson, who, in an automobile, was following the Chevrolet roadster a short distance behind, testified that the Chevrolet "was off the pavement when Hanson (respondent) was struck." The trial court found that the respondent "had stepped off the pavement and was on the dirt portion at the side thereof" at the time he was struck by the automobile. The evidence upon the question was sharply in conflict, and we see no reason for disturbing the finding of the trial court. The driver of the Chevrolet, if he was off the pavement at the time of the accident, was violating Rem. 1927 Sup., § 6362-41, subd. 8, wherein it is provided that it shall be unlawful to operate or drive any vehicle over or along

". . . any pavement or gravel or crushed rock surface on a public highway with one wheel or all of

the wheels off of the pavement or gravel or crushed rock surface except for the purpose of stopping off the pavement or gravel or crushed rock surface.''

The respondent had a right to assume that the driver of an automobile, approaching from the east, would not be off the pavement upon the gravel, in violation of the statute. Under the law and the facts of this case, we think the trial court properly held that the respondent was not guilty of contributory negligence.

This case differs from that of *Keller v. Breneman*, 153 Wash. 208, 279 Pac. 588, 67 A. L. R. 92, in that there the plaintiff was struck while walking in the center of the paved portion of the highway.

The next question is whether the appellants Fred Eilers and wife, the father and mother of Louis Eilers, are liable for the negligent act of their son. The trial court found:

''That the Chevrolet roadster then being driven by the defendant, Louis Eilers, was purchased by his father, Fred Eilers, for his minor son's special use and benefit, and was being used by the minor son, as the father intended it to be used, and that at the time of the accident, Louis Eilers was the agent of his father, Fred Eilers.''

The father and the son both testified that the automobile was purchased and owned by the latter, but there was other evidence from which the court had a right to conclude that the father purchased the automobile, and that it was acquired for the special use and benefit of the son. Louis Eilers, at the time, was living with his parents, paying nothing for his room and board, and receiving no compensation for any work that he did for them; but when he worked out he collected his wages, and applied them to his own use and benefit. The father and son were both interested witnesses, and the court was not required to

accept their testimony as correctly presenting the situation as to who purchased and owned the Chevrolet roadster, and what use was to be made of it. If the trial court correctly found the facts, and, after considering the testimony, we are of the opinion that it did, then the case falls within the rule of *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 50 L. R. A. (N. S.) 59, wherein, after a thorough consideration of the question, it is said:

"It seems too plain for cavil that a father, who furnishes a vehicle for the customary conveyance of the members of his family, makes their conveyance by that vehicle his affair, that is, his business, and any one driving the vehicle for that purpose with his consent, express or implied, whether a member of his family or another, is his agent."

The case of *Schnebly v. Bryson,* 158 Wash. 250, 290 Pac. 849, is not out of harmony with that rule. Recovery was denied in that case because the automobile, at the time of the accident, was not being used within the scope of the family purpose for which it was purchased, and was beyond the scope of the agency which would render the parents liable.

The case of *Arrelano v. Jorgensen,* 52 Cal. App. 622, 199 Pac. 855, does not cover the question here presented. In that case, it was sought to hold the parents liable for the act of a minor son, because the parents had permitted the minor to drive the automobile without first having obtained an operator's license, in violation of a statute of the state of California, in which the case arose, providing that it shall be unlawful for any person knowingly to permit his or her minor child to operate a vehicle upon the public highway without having first obtained a license.

The next and last question is whether the amount of the judgment is excessive. If the nature and extent

of the injuries were as found by the trial court, the judgment is not too large. Without reviewing the evidence relative thereto, we are of the opinion that the findings are correct, and that the amount of the judgment is not excessive.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and PARKER, JJ., concur.