[No. 23275. Department Two. March 23, 1932.]

H. R. MARTIN *et al., Appellants,* v. W. S. BEAR *et al., Respondents.*[1]

*Gordon McGauvran* and *H. D. Hunt,* for appellants.
*Whittemore & Truscott,* for respondents.

MILLARD, J.—A bus owned and operated by the North Coast Transportation Company collided with the plaintiffs' automobile. Plaintiffs brought this action to recover from the defendants for personal injuries sustained in that accident, which, it is alleged, was the result of the collision of the defendants' automobile with the bus. At the close of the plaintiffs' case, and before the defendants offered any testimony, the court discharged the jury and granted defendants' motion for a nonsuit with prejudice, on the ground of the insufficiency of the evidence. Judgment was entered accordingly. Plaintiffs appealed.

The facts are as follows: About six p. m., November 3, 1928, a bus of the North Coast Transportation Company was proceeding south on its own right-hand

[1]Reported in 9 P. (2d) 365.

side of the Pacific highway one mile north of Tacoma. Respondents' automobile, operated by respondent husband, was approaching from the south on respondents' right-hand side of the highway. The pavement was wet and slippery from rain. Appellants' automobile and a number of other cars were proceeding north in the rear of respondents' automobile. Just before arriving opposite each other, respondents' automobile suddenly skidded and struck the bus, of which its driver lost control. The collision disabled the bus, which traveled three hundred feet down the highway and collided with the appellants' automobile on the east (appellants' right-hand side) side of the highway. To recover for the personal injuries sustained thereby, appellants instituted this action.

The trial court erred in granting the motion for a nonsuit. Counsel for respondents contend there was no evidence, other than that of skidding from their own right side of the highway—upon which they traveled until the skidding—to the left side of the highway, of negligence on the part of respondents; that there was no evidence of excessive speed by the respondents, defective equipment of their automobile, or lack of care on their part.

The only testimony as to the collision of respondents' automobile with the bus is that of the driver of the bus. He testified that respondents'

"`. . .. automobile was driving slowly and seemed to be about to stop; that there was approaching this witness other automobiles in a stream of traffic at some little distance behind said Ford automobile, and said stream of traffic was traveling on the opposite side of the pavement from this witness; that, as this witness drove his said stage coach past the said Ford automobile, the automobile driven by the said defendant W. S. Bear suddenly and without warning skidded from the side of the road upon which it was traveling over and

across the center line of the said highway, where the rear end of said Bear's automobile smashed into the said stage coach, striking the stage coach forward of the driver's seat, which collision threw this witness out of the driver's seat, partially out of the window of said stage, and rendered this said witness in a dazed condition and disabled the stage so that this witness could not control the operation of the said stage; that this said stage coach, in this disabled condition, traveled some three hundred feet, and in doing so its course was from side to side of the road, and that it collided with cars in the opposite stream of traffic; . . ."

If a car, while driven on the wrong side of the highway, collide with another car, the burden is upon the driver upon the wrong side of the highway to justify his violation of the law of the road. Berry on Automobiles (2d ed.), § 171, p. 206.

Respondents insist that they were not violating the law of the road when they were on the wrong side of the road; that they traveled upon their own right-hand side of the pavement until their car skidded from that side of the pavement over on to the left or wrong side of the pavement; and that they were under no duty to explain how and why the accident happened.

True, the mere skidding of respondents' automobile was "not an occurrence of such uncommon or unusual character that alone and unexplained it can be said to furnish evidence of negligence in the operation of a car." *Osborne v. Charbneau,* 148 Wash. 359, 268 Pac. 884, 64 A. L. R. 251; Huddy Encyc. of Automobile Law (9th ed.), vol. 3-4, § 68, p. 120.

The law of the road, however, required respondents' automobile to keep to the right of the center of the highway. The presence of that automobile on the wrong side of the highway caused an injury and created liability, unless excusable or justifiable. While

respondents were excusable if, without fault on their part, their automobile skidded across the center line of the highway, the burden of proving excuse or justification was upon them.

"A defendant who has violated the statute has the burden of proving excuse or justification. He has the affirmative of the issue. His evidence in reference to this and the evidence opposed thereto, may involve negligence. Failure to excuse or justify leaves his violation of the statute conclusive as to liability. Ordinarily facts which will excuse technical violation of the statute must result from causes beyond the control of the person charged with the violation. One's presence on the wrong side of the street is excused when without fault on his part the machine skids across the center line." *Dohm v. Cardozo & Bro.,* 165 Minn. 193, 206 N. W. 377.

The judgment is reversed, and the cause remanded with direction to grant appellants' motion for a new trial.

MAIN, HOLCOMB, and BEALS, JJ., concur.

TOLMAN, C. J. (dissenting)—The rule of law stated by the majority is a sound rule, but I fear it is here misapplied.

Respondents' excuse (and an adequate one) for entering upon the wrong side of the highway was presented by the appellants in the testimony offered by them.

Appellants, as plaintiffs, in their case in chief having shown a state of facts, namely that the offending automobile was being driven slowly, and that it suddenly and without warning skidded over and across the center line of the highway and into the stage, they thereby presented an adequate excuse for the entry of the automobile upon the wrong side of the highway.

It has frequently been held that skidding, alone and

unexplained, is not proof of negligence; and still more often has it been held that negligence is never presumed, but must always be established by evidence. Therefore, since the appellants' evidence at the most showed only that respondents' automobile skidded, and when fairly construed, it affirmatively showed that the automobile skidded without the fault of the driver, there was before the jury, at the close of appellants' case, no evidence whatsoever of negligence upon which a verdict for the plaintiffs (appellants) could be based. Therefore, the nonsuit was properly granted.

In my opinion, the judgment appealed from should be affirmed, and I therefore dissent.