[No. 24553.   Department Two.   August 14, 1933.]

G. L. THOMAS *et al., Respondents,* v. J. D. ADAMS *et al., Defendants,* JOHN O'DONNELL *et al., Appellants.*[1]

*Ralph S. Pierce* and *Edmund Stafford,* for appellants.

*Thos. L. O'Leary,* for respondents.

TOLMAN, J.—This is an action for personal injuries arising out of a somewhat complicated automobile collision, or series of collisions.   Defendants Adams did not appear in the action, and were defaulted.   The verdict of the jury was in favor of the plaintiffs and

[1]Reported in 24 P. (2d) 432.

the defendants Avey. Defendants O'Donnell alone appeal from the judgment on a verdict against them.

At the time in question, three automobiles were proceeding in a westerly direction on the Olympic highway in Grays Harbor county toward the city of Elma. First was the Adams car with a trailer attached. A short distance behind it was the Avey car, driven by Mrs. Avey, and some little distance behind the Avey car was the Thomas car, driven by the respondent Mrs. Thomas. The appellants' car was proceeding easterly, approaching the point where the accident occurred, from the direction opposite to that of the other cars. As the three cars proceeded westerly, the Thomas car was travelling the most slowly and it had been passed by the Adams car and trailer and also by the Avey car.

Shortly after so passing the Thomas car, the Adams car crossed a bridge, and the trailer attached, being insecurely fastened or having become loosened, struck the guard rail on the right and was thrown violently to the left, where it came into collision with the left front of the Avey car. Just at this instant, the O'Donnell car, travelling on its own side of the highway, approached the spot, and came into collision with the trailer as it was thrown off by the Avey car. The vital point bearing upon the question of the driver O'Donnell's negligence is whether the collision with the trailer put his car out of control, so that he should not be held to have been negligent in permitting his car thereafter to enter upon and continue along the wrong side of the highway until it came into collision with the Thomas car, thus causing the injuries complained of.

It is vigorously argued that the appellants are the victims of circumstances; that the driver O'Donnell could not have foreseen that the trailer would be

thrown into his pathway, and could have done nothing to avoid the accident. If appellants' evidence be accepted without question, such a conclusion would, no doubt, follow.

Undoubtedly, respondents' car was at all times on its proper side of the highway and proceeding at a very moderate rate of speed. The collision between it and the appellants' car was due to the fact that the appellants' car entered and continued on its wrong side of the highway until the two cars came into collision. Appellants' car being on the wrong side of the highway at the instant of the collision and thus causing the collision, the burden was upon them to justify or excuse its being there.

There was evidence from which the jury might have found that appellants' car was travelling at a high and unlawful rate of speed immediately before and at the time of its collision with the trailer, and that such speed contributed materially to the later collision with the respondents' car. There was evidence also to the effect that appellants' car, after striking the trailer, travelled on its wrong side of the highway a distance of approximately one hundred eighty feet before coming into collision with respondents' car.

Appellant John O'Donnell, the driver of the car, was an interested party to this action, and the jury was not bound to accept his testimony to the effect that the striking of the trailer put his car wholly out of control, rendering it impossible for him to guide it or check its speed. But, on the contrary, there was evidence which the jury might have believed justifying a finding that, had O'Donnell been driving at a lawful rate of speed, he could, notwithstanding the striking of the trailer, have retained or regained control of his car and guided it back to its right side of the highway or materially checked its speed before colliding with

the respondents' car; or, even disregarding the question of speed entirely, that he, the driver, still, by due care, could have avoided striking the Thomas car.

It may be, as suggested, that appellants are the victims of circumstances, but that was a question of fact for the jury. Other facts and circumstances revealed by the record, not necessary to be here detailed, strengthen the view that the question was solely one for the jury. On this question, the situation does not differ as a matter of law from the case of *Crowe v. O'Rourke,* 146 Wash. 74, 262 Pac. 136.

The question of contributory negligence on the part of the respondents was so clearly a question for the jury as to warrant no further discussion.

Appellants assign error upon the giving of the following instruction:

"You are instructed that if you find from a fair preponderance of the evidence in this case that plaintiffs were travelling at a lawful rate of speed and on their right side of the paved portion of the highway when the automobile in which they were riding was struck by the Cadillac automobile driven by the defendant, John O'Donnell, that the burden is upon said defendant, if he would be excused of negligence by reason of his getting on the wrong side of the highway, to prove to your satisfaction that he got on the wrong side of the highway and remained thereon until the collision occurred through no negligence of his own."

The chief objection urged to this instruction, and the only one not disposed of by what has already been said, seems to be based upon the words "remained thereon," so that thereby the duty and burden was placed upon the appellants of excusing or justifying not only the entry of their car upon the wrong side of the highway, but also that it remained there until the collision.

The only time when the occupancy of the wrong side

of the highway becomes important in a case such as this is when it interferes with, or imperils, those who are rightfully there. The question here was as to any excuse or justification for the position occupied by appellants' car when the accident took place. Entering upon and remaining on the wrong side of the highway was here one and only one question, namely: was appellants' car where it was because of the negligence of the driver, or was it there because in the exercise of due care he could not prevent its being there? The instruction, to us, seems so clearly right that we refrain from further discussion.

Error is assigned upon the giving of two other instructions, but no argument is presented to support either assignment. We have read these and all of the instructions, and are convinced that the jury was clearly, fairly and correctly instructed upon all of the issues submitted to it.

Finding no error, the judgment is affirmed.

BEALS, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.