[No. 24751. Department Two. December 15, 1933.]

ANDERS HIGHLAND, *Respondent,* v. CHAS. H. LILLY COMPANY *et al., Appellants.*[1]

*Ralph S. Pierce, Edwin J. Cummins,* and *Edmund Stafford,* for appellants.

*Spencer Gray* and *Eli M. Paulson,* for respondent.

GERAGHTY, J.—Action by plaintiff, Anders Highland, against Chas. H. Lilly Company, a corporation, and J. L. Poitras and wife, defendants, to recover damages for personal injuries suffered by plaintiff when struck

[1]Reported in 27 P. (2d) 693.

by a car owned by the Lilly Company and driven by its co-defendant, Poitras. From a judgment in favor of plaintiff entered upon the verdict of a jury, the defendants appeal.

Holman road No. 1 runs southwesterly toward the city of Seattle. Its roadbed is sixty-five feet in width, but the westerly side only is paved. This paved strip is twenty feet wide. Outside the pavement is a five-foot shoulder, level with the pavement, and, bordering the shoulder, a drain. Easterly of the paved way, the roadbed is graveled to a width of about twenty-six feet, and outside of this a shoulder and drain.

Respondent testified that, on the night of June 11, 1932, about nine o'clock, he was walking in a southwesterly direction on the right-hand shoulder of Holman road toward his home in Seattle, following a path or trail. He had walked about a mile, to the intersection of Holman road with Twelfth avenue northwest, where, while crossing the intersection and to the right of the pavement, he was struck by appellants' car and severely injured. There was much traffic on Holman road from both directions. He did not hear appellants' car, and the reflection of the headlights did not attract his attention, on account of the lights of the passing cars. He testified that, throughout, he had followed the path on the shoulder.

Appellant Poitras testified that he was driving southwesterly on Holman road at the rate of between thirty and thirty-five miles an hour. As he approached the point of impact with respondent, he was blinded by the lights of two approaching cars, and did not see respondent until just before striking him, when his attention was called to the fact that there was someone ahead by his wife, who was riding with him. He testified that he knew by the feel of the tires that he was not off the pavement. After striking respondent, he

pulled over to the left-hand side of the road, got out and went back to where the respondent lay.

There was some conflict in the testimony as to where respondent was lying after the accident. One witness for respondent testified it was on the shoulder about two feet from the paved way. Appellant Poitras and another of his witnesses testified it was partly on the paved way and partly on the shoulder. The point where respondent was found was south of the intersection, but he himself was positive in his testimony that he was hit within the intersection. The point of impact is not important, since appellant's course was southwesterly, across Twelfth avenue. There is no testimony indicating any purpose on his part to turn to the right into Twelfth avenue.

Appellants argue that respondent, in walking on the right shoulder of the road, was doing so in violation of Rem. Rev. Stat., § 6362-41, subd. 6, which provides:

"Pedestrians on the public highways shall travel on and along the left side of said highway, and the pedestrians upon meeting an oncoming vehicle shall step off the paved or main traveled portion of the highway,"

and was guilty of contributory negligence, as a matter of law; and that the court erred, first, in not granting a nonsuit at the close of respondent's case, and second, in instructing the jury contrary to appellants' view of the force of this statutory provision.

The specific instruction complained of charged the jury, among other things, as follows:

"If you find plaintiff, at the time he was hit, was traveling off of the paved portion of Holman road, but to the right thereof and on the shoulder bordering the road, then while such act was not negligence as a matter of law, yet whether such act on his part was or was not negligence as a matter of fact is a question for you to determine under the facts and circumstances."

After argument as to the content of this instruction, the trial judge announced that, in so charging the jury, he was constrained by the force of former rulings of this court.

Rem. Rev. Stat., § 6362-41, subd. 8, is as follows:

"It shall be unlawful to operate or drive any vehicle or combination of vehicles over or along any pavement or gravel or crushed rock surface on a public highway with one wheel or all of the wheels off of the pavement or gravel or crushed rock surface except for the purpose of stopping off the pavement or gravel or crushed rock surface."

This court has had occasion to construe subdivisions 6 and 8 of this section in several cases. In *Barach v. Island Empire Tel. & Tel. Co.,* 151 Wash. 279, 275 Pac. 713, the lower court had instructed the jury that the improved portion of the highway lying adjacent to the edge of the pavement, the shoulder, is as much a part of the highway as the pavement itself. In passing upon this instruction, we said:

"This, we think, was clearly error. The statute, Rem. Comp. Stat., § 6340, as amended by the Laws of 1923, p. 604, ch. 181, provides, in subdivision 7, as to the duties of pedestrians in the language which the court quoted, but the section also provides in subdivision 9:

" 'It shall be unlawful to operate or drive any vehicle or combination of vehicles over or along any pavement or gravel or crushed rock surface on a public highway with one wheel or all of the wheels on one side of said vehicle or combination of vehicles off of the pavement or gravel or crushed rock surface except for the purpose of turning off or passing on the highway or for the purpose of stopping off the pavement or gravel or crushed rock surface.' Rem. 1927 Sup., § 6340.

"A pavement, sixteen or eighteen feet wide, is clearly intended as sufficient for vehicular traffic under ordinary conditions, and the exceptions set forth in

the statute are intended to take care of those conditions which are out of the ordinary. The legislature has the power and the right to confine ordinary traffic to the paved portion of the highway, and having done so, the pedestrian with knowledge of that fact, has a right to believe that the legislative injunction will be obeyed, and act accordingly. A driver violating this statutory provision, should be placed under the burden of showing that his act in driving off of the pavement, for other than the purposes specified in the statute, was justifiable or necessary.''

In *Hanson v. Eilers,* 164 Wash. 185, 2 P. (2d) 719, in again passing upon the question, we said:

''The next question is whether the respondent was guilty of contributory negligence, and this depends upon whether he was on the pavement or to the right at the time he was struck. If he was on the pavement he was violating Rem. Comp. Stat., § 6340, subd. 7, which provides that pedestrians on public highways between the period from one-half hour after sunset to one-half hour before sunrise shall travel on and along the left side of the highway, and the pedestrians upon meeting an oncoming vehicle shall step off the traveled portion of the highway. The respondent was traveling on the right side of the highway. The driver of the Chevrolet and his witnesses who saw the accident testified that the respondent was on the pavement when he was struck; the respondent testified that he was on the gravel about three feet off the pavement. One C. F. Matson, who, in an automobile, was following the Chevrolet roadster a short distance behind, testified that the Chevrolet 'was off the pavement when Hanson (respondent) was struck.' The trial court found that the respondent 'had stepped off the pavement and was on the dirt portion at the side thereof' at the time he was struck by the automobile. The evidence upon the question was sharply in conflict, and we see no reason for disturbing the finding of the trial court. The driver of the Chevrolet, if he was off the pavement at the time of the accident, was violating Rem. 1927 Sup., § 6362-41, subd. 8, wherein it is provided that it shall

be unlawful to operate or drive any vehicle over or along

" ' . . . any pavement or gravel or crushed rock surface on a public highway with one wheel or all of the wheels off of the pavement or gravel or crushed rock surface except for the purpose of stopping off the pavement or gravel or crushed rock surface.' "

It will thus be seen that this court is committed to the doctrine that the statutory duty of a pedestrian, as prescribed in subdivision 6, has relation to the paved or main traveled portion of the highway, and not to the shoulders on either side. We reached this conclusion by considering together and harmonizing subdivisions 6 and 8, Rem. Rev. Stat., § 6362-41. Subdivision 8 confines vehicular travel to the paved or main traveled portion of the highway. Subdivision 6 requires the pedestrian using a highway to walk on the left, facing oncoming traffic, and to step to the side on meeting a vehicle. Clearly, subdivision 6 does not apply to a pedestrian walking on the shoulder where vehicles are forbidden to travel. The trial court's instruction No. 6 correctly stated the law.

What we have said with respect to this instruction disposes of appellant's other assignments of error.

The judgment is affirmed.

BEALS, C. J., BLAKE, TOLMAN, and HOLCOMB, JJ., concur.