[No. 24904. Department One. April 10, 1934.]
JOSEPHINE YOUNG, *Respondent,* v. EDWARD HOFFERBER, *Appellant.*[1]

*Sather & Livesey,* for appellant.

*John P. McGlinn* and *Abrams & McCush,* for respondent.

MAIN, J.—This action was brought to recover for the death of a child. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was entitled to recover. Judgment was entered against the defendant in the sum of $2,040, from which he appeals.

The facts essential to be stated are these: The accident happened at about seven o'clock p. m., August 4, 1932, in the city of Bellingham. Doris Olson was ten years of age, and was riding on the right-hand running board of an automobile which was traveling southerly on State street, in the city mentioned. The car, at the time, was driven by her sister Lois Olson, then eighteen years old. The car was owned by the appellant, a young man eighteen or nineteen years of

[1]Reported in 31 P. (2d) 95.

age, and was an Essex roadster. In the seat, at the time of the accident, were three persons. Miss Olson was driving, the appellant was sitting in the middle, and on the right-hand side was Mrs. Trottier, a sister of Miss Olson. The automobile had entered State street from James street about two blocks from the place of the accident. Along the westerly side of State street, which was paved, in the parking strip, were telephone poles, one of which was nine inches from the curb line.

After entering that street, the automobile proceeded at a speed of approximately twenty-five miles per hour until within about one hundred feet of the telephone pole mentioned as being within nine inches of the curb. Prior to this time, none of the occupants of the car knew that Doris was on the running board, but she apparently had been there from the time the automobile left her mother's home on James street. When within about one hundred feet of the telephone pole, Doris moved forward on the running board, leaned into the car over the door and exclaimed "Hey" or "Hello." Her sister, Mrs. Trottier, immediately uttered the exclamation "Oh God, there is Dodo [Doris]."

The driver of the automobile, hearing this exclamation, turned her head and body to the right, and, in doing so, caused the car to swerve in that direction, and before she could straighten it up, it passed near to or struck the telephone pole which was one hundred feet distant, and Doris was swept from the running board, fell upon the pavement and sustained the injury from which she died soon afterwards. Whether the right front wheel of the automobile went over the curb, does not appear, Mrs. Trottier testifying that she did not know. If it did go over, it was only for a

few inches, because the car passed on and was soon stopped.

Thereafter, the present action was brought against the young man who owned the car, and who was riding between the two girls at the time of the accident, with the result above stated.

The only question to be determined is whether Miss Olson, the driver of the car, was guilty of negligence. It was found by the trial court that Doris, in riding upon the running board, was guilty of negligence, and there does not appear to be any complaint as to this finding. Whether Miss Olson was guilty of negligence, depends upon whether she acted as a reasonably prudent person would under like or similar circumstances. If she did something which a person of ordinary prudence would not have done, or failed to do something which such a person would have done, then she was negligent.

The trial court found, and the evidence sustains the finding, that Miss Olson became excited and confused, and as a result lost control of the car. The question is reduced to whether it can be said from the facts, about which there can be little controversy, that Miss Olson was negligent, notwithstanding the fact that her excitement and confusion was the direct result of the sudden appearance of her sister on the running board in a place of peril, with the automobile traveling at the speed of twenty-five miles an hour. At this speed, within less than three seconds after Doris made her presence known, the automobile reached the telephone pole.

In our opinion, the facts do not justify the inference that Miss Olson was guilty of negligence. In so concluding, we are not disagreeing with the trial court upon any disputed question of fact, but are reaching

a different conclusion from facts which are not in substantial dispute.

In the briefs, much is said about the last clear chance doctrine, but we see no application for that doctrine under the facts of this case. However, if the doctrine could be said to be applicable, the result would be the same. The question would still be, was Miss Olson guilty of negligence.

The judgment will be reversed, and the cause remanded with direction to the superior court to dismiss the action.

BEALS, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.