[No. 25244. Department One. November 24, 1934.]

J. E. WILSON, *Respondent*, v. GEORGE C. CONGDON, *Appellant*.[1]

[1]Reported in 37 P. (2d) 892.

*John G. Barnes,* for appellant.
*F. A. Latcham,* for respondent.

MILLARD, J.—An automobile, owned by plaintiff and operated by Jack B. Neville, collided with an automobile owned and operated by the defendant. Plaintiff brought this action to recover for property damage sustained in that collision. The cause was tried to a jury, to which the trial court submitted only one question for determination—"the amount of the damages to the plaintiff's automobile." From the judgment entered on the verdict in favor of the plaintiff, motions for judgment notwithstanding the verdict and for a new trial having been denied, the defendant appealed.

The facts are as follows: On December 18, 1931, at eleven a. m., respondent's automobile was proceeding north on its own right-hand side of the Pacific highway near Fort Lewis. Appellant's car was proceeding south on its own right-hand side of the same highway at a speed of forty miles an hour or faster. A light rain was falling. The road was straight for approximately four miles, and visibility was good. The highway is forty-five to fifty feet wide. A strip ten feet wide on the east side is paved with concrete; the remainder of the pavement is what is commonly known as "black top." According to the driver of respondent's automobile, his car was traveling forty miles an hour, and appellant's speed was equal to, or in excess of, that. This driver testified that appellant's automobile skidded across the pavement to the east (respondent's right-hand side of the pavement) in front of respondent's automobile.

Appellant testified that the pavement on the right-hand side of the road upon which he was driving was "black top." He knew it was dangerous—a light rain

was falling—to drive at a good rate of speed over it, and he was driving carefully at the rate of thirty to thirty-two miles an hour. When about one-fourth of a mile south from the scene of the collision, he noticed respondent's automobile attempt to pass a truck which was also proceeding north on the east side of the highway. Respondent's automobile turned to the center of the highway to pass the truck. After passing the truck, respondent's automobile continued north in the center of the road, and did not turn back upon the concrete pavement on the east side, or respondent's right-hand side of the road. Apprehending a collision if respondent's automobile continued its course, appellant turned his automobile slightly to the west (to the right) to avoid a collision. For some reason unknown to him, his automobile skidded in a diagonal direction to the east and across the highway to the extreme side thereof. When the front wheels of appellant's automobile were approximately at the east edge of the highway, it was struck by respondent's automobile. The evidence on behalf of respondent contradicts that adduced by appellant respecting respondent's endeavor to pass a north-bound truck.

Was appellant's automobile on the wrong side of the highway because of appellant's negligence, or was it there because, in the exercise of due care, he could not prevent its being there? The trial court erred, argues appellant, in taking that question—one of fact— from the jury.

There is no evidence that appellant's automobile was at any time operated on the wrong side of the highway. That vehicle skidded from its own right-hand side of the highway to the extreme left-hand side of the highway, where it was struck by respondent's automobile.

The failure of the driver of a motor vehicle to

keep to the right side of the highway is excused where, without fault on his part, the machine skids across the center line of the road, but where skidding results from negligence, the driver is liable. The law of the road requires that automobiles be operated on the right of the center of the highway. While skidding, in itself, is not ordinarily evidence of negligence, where an automobile skids across the center line of the road to the left side thereof and collides with another automobile, the burden is upon the driver upon the wrong side of the highway to justify the violation of the law of the road. *Haines v. Pinney,* 171 Wash. 568, 18 P. (2d) 496; *Dohm v. Cardoza & Bro.,* 165 Minn. 193, 206 N. W. 377.

While the law of the road required appellant to keep to the right of the center of the highway, the mere driving, or presence, of his automobile on the wrong side of the highway would not sustain a verdict unless it is shown that it was the proximate cause of the accident. *Peterson v. Pallis,* 103 Wash. 180, 173 Pac. 1021.

"The only time when the occupancy of the wrong side of the highway becomes important in a case such as this is when it interferes with, or imperils, those who are rightfully there. The question here was as to any excuse or justification for the position occupied by appellants' car when the accident took place. Entering upon and remaining on the wrong side of the highway was here one and only one question, namely: was appellants' car where it was because of the negligence of the driver, or was it there because in the exercise of due care he could not prevent its being there?" *Thomas v. Adams,* 174 Wash. 118, 24 P. (2d) 432.

If the collision was not due to the negligence of respondent's driver, it follows that it was caused by fault of appellant or was an accident unavoidable by the exercise of reasonable care. Appellant contends

that the cause of the skidding of his automobile was without fault on his part; that he was proceeding at a careful rate of speed and was endeavoring to avert a threatened collision with respondent's automobile, which was proceeding left of the center of the highway when his automobile skidded across to the left side of the highway in the path of respondent's automobile. It is true that the mere skidding of an automobile is not an occurrence of such a character as, of itself, necessarily establishes negligence in the operation of an automobile. *Martin v. Bear,* 167 Wash. 327, 9 P. (2d) 365; *Osborne v. Charbneau,* 148 Wash. 359, 268 Pac. 884, 64 A. L. R. 251. If appellant acted as would a reasonably prudent person under the circumstances, he is not to be held negligent merely because his automobile skidded and did damage. Whether appellant so acted was a question of fact for the jury. *Thomas v. Adams,* 174 Wash. 118, 24 P. (2d) 432.

The judgment is reversed, and the cause remanded with direction to the trial court to grant the motion for a new trial.

BEALS, C. J., MAIN, TOLMAN, and GERAGHTY, JJ., concur.