[No. 30590.   Department One.   April 8, 1949.]

ARTHUR BILADEAU et al., *Appellants*, v. HENRY POMERENKE *et al., Respondents.*[1]

[1]Reported in 204 P. (2d) 518.

*Oliver Elliott* and *Luther Martin*, for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Frederick V. Betts*, for respondents.

MALLERY, J.—This is an action for damages. The jury found for the defendants. The plaintiffs appeal.

The action arises out of an automobile collision which occurred at ten a. m. April 10, 1946, two miles west of the summit of Snoqualmie pass highway. The highway near the point of impact runs east and west, making a slow turn to the south three hundred feet east of the point of impact. At the time of the collision, each side of the highway was bordered by snow banks thirty feet apart. The travelable portion of the highway was somewhat less. The pavement was covered with ice and snow.

Near the point of impact a piece of road machinery called a snow-go was traveling east in the south lane at two or three miles an hour. When the snow-go was in operation it threw snow onto the north side of the highway in a curtain so thick it obscured the highway beyond it from the view of those approaching from both directions. Traffic was congested in a few places, and some distance west of the point of impact state highway patrol officers directed traffic.

Appellants were driving a Ford which was not equipped with chains, but the driver testified that his "knubby" tires gave him satisfactory traction and that he found no difficulty in controlling the vehicle.

Appellants approached the point of impact from the west. They were climbing the grade to the summit in the south lane overtaking the snow-go, which was not in operation as they prepared to pass it, so that the view ahead was unobstructed. As they were in the act of passing, another vehicle overtook them from behind and passed appellants on their right side, between appellants and the snow-go, striking the Ford's right front bumper, causing it to veer into the north snow bank, where it stopped. The other vehicle was not identified and disappeared up the road.

After having run into the north snow bank, appellants backed clear and maneuvered the Ford so that it faced diagonally across the highway, headed up-grade in a southeasterly direction with the front extending two and a half feet into the westbound traffic lane and the rear remaining on the north shoulder of the highway. During this maneuver, and before the Ford had left the wrong side of the highway, the snow-go recommenced operation, throwing a torrent of snow onto the highway, enveloping the Ford and completely obscuring appellants' view of the highway to the east. After twenty or thirty seconds, the westerly edge of the snow torrent, following the slow easterly progress of the snow-go, cleared the Ford by fifteen or twenty feet. It was at this moment that respondents' truck and trailer emerged from the snow cloud and the driver discovered appellants' Ford directly in front of him.

All of the evidence regarding the approach of appellants' vehicle to the snow-go, the frustrated attempt to pass, the precise time at which the snow-go recommenced operation, and the movements of the "other" vehicle, appears in the uncorroborated testimony of appellants. Respondents could not testify to any of these details, since they did not come within view of the snow-go until the snow curtain had obscured the Ford from the view of those approaching from the east.

During appellants' maneuvers, as related, respondents' truck and trailer approached the snow-go from the east, coming down-grade from the summit in the north lane of the highway. The truck rounded the turn three hundred feet east of the snow-go after the snow-go had recommenced operation. There was no traffic in either lane between the truck and the snow-go from the time the truck and trailer rounded the turn until the time of collision. Apparently, the other vehicle which caused appellants to be on the wrong side of the highway had gotten beyond the respondents before they could see the snow-go.

The truck and trailer were being driven by a driver experienced in winter driving on the Snoqualmie pass highway. He was driving at from eight to twelve miles an hour

as he approached the snow-go. He was observed by his riders to have been reluctant to use his brakes, in view of the slippery condition of the road, and when it became necessary for him to use them, he applied them with only slight pressure, so that the truck and trailer would not "jack-knife." It was estimated that he could have stopped the truck and trailer within sixty-five feet under the circumstances existing at the time of the collision.

The snow falling from the operation of the snow-go obscured the truck driver's view of the highway to the west of the snow curtain. The truck driver continued toward the snow-go without reducing speed and entered the snow curtain without seeing the Ford. Immediately upon emerging from the west side of the snow curtain, those in the truck saw the stopped Ford about fifteen or twenty feet ahead of them. The truck driver attempted to avoid a collision by turning into the eastbound lane, but an oncoming car forced him to return to his own lane and to crash into appellants' Ford standing in it.

Appellants by their assignments of error contend the court erred in failing to rule or to instruct the jury that respondents' driver was negligent as a matter of law and in failing to rule or to instruct the jury that appellants were free of contributory negligence as a matter of law.

Appellants argue that, in the same or similar circumstances, a prudent man of the experience of the respondents' driver would not have maintained his speed while his view of the road ahead was obscured by a snow curtain thrown up by the snow-go, because he was charged with knowledge that vehicles were stopped along the highway and that therefore he owed a duty to the appellants to stop, which he could have done within sixty-five feet, until the snow-go had passed. This was negligence as a matter of law, appellants contend, and hence there was nothing for the jury to decide as to the truck driver's negligence, and consequently the instructions relating to the prudent man test of negligence, proximate cause and legal liability were misleading and erroneous.

Appellants cite three cases in support of their argument that a driver whose view of the highway is obscured is negligent as a matter of law unless he slows down or stops. One of these cases deals with fog, the others with dust. This is a case of a narrow moving curtain of snow which temporarily obscured the view, and presents quite a different situation. Instructions should fit the peculiar facts of a case. See *O'Neil v. Gruhn*, 197 Wash. 557 at 562, 85 P. (2d) 1064.

■ Under the special circumstances of this case, a prudent man with the experience of this driver might well have thought it wiser not to apply his brakes, thereby incurring the risk of "jack-knifing" a large truck and trailer on the highway. Having come from the east, he was not necessarily charged with knowledge that the highway might be blocked because of the fact that cars were stopped *alongside* the highway from place to place west of the point of impact. In the absence of being so charged, he could assume that other drivers on the highway were complying with the rules of the road. See *Martin v. Westinghouse Electric & Mfg. Co.*, 162 Wash. 150, 297 Pac. 1098; *Huber v. Hemrich Brewing Co.*, 188 Wash. 235, 62 P. (2d) 451; *Plenderlieth v. McGuire*, 27 Wn. (2d) 841, 180 P. (2d) 808.

He was under no duty to anticipate that a car might be passing the snow-go, since such a car could not have had the required clear view ahead.

■ We cannot say that respondent was guilty of negligence as a matter of law. It was a question for the jury.

This conclusion also carries with it appellants' contentions relating to the instructions complained of on that point. The court was correct in refusing to instruct the jury that the respondents were negligent as a matter of law.

■ Appellants contend that instruction No. 13 injected the doctrine of unavoidable accident into the case erroneously. The instruction, considered as a part of all the instructions given, is only to the effect that, if the defendant is found to be free of negligence under the circumstances, the jury must bring in a verdict for the defendants. Moreover,

the doctrine of unavoidable accident may be properly applied to this case. The "other" or third car may have been solely to blame. See *O'Connell v. Home Oil Co.*, 180 Wash. 461 at 465, 40 P. (2d) 991; *Hardman v. Younkers*, 15 Wn. (2d) 483, 131 P. (2d) 177, 151 A. L. R. 868; and *Rettig v. Coca-Cola Bottling Co.*, 22 Wn. (2d) 572, 156 P. (2d) 914.

Appellants next contend the trial court erred in failing to rule or to instruct the jury that appellants were free of contributory negligence as a matter of law.

Again we are unable to agree with appellants. Even uncontradicted testimony is not binding upon the jury where the circumstances can be thought to be inconsistent with it. In this case, it appears that exculpation of the appellants rests upon a fine and exact timing of the events. Their car being on the wrong side of the road, makes a *prima facie* case of contributory negligence. See *Martin v. Bear*, 167 Wash. 327, 9 P. (2d) 365; *Haines v. Pinney*, 171 Wash. 568, 18 P. (2d) 496; *Wilson v. Congdon*, 179 Wash. 400, 37 P. (2d) 892; *McPherson v. Wakamatsu*, 188 Wash. 320, 62 P. (2d) 732; *Weaver v. Windust*, 195 Wash. 240, 80 P. (2d) 766; *Tutewiler v. Shannon*, 8 Wn. (2d) 23, 111 P. (2d) 215; *Coerver v. Haab*, 23 Wn. (2d) 481, 161 P. (2d) 194, 161 A. L. R. 909. The jury might have felt they stayed there for an unreasonable time or may have doubted the existence of the third car.

Contributory negligence is ordinarily a question for the jury, and here we are not prepared to say there was no contributory negligence as a matter of law, so that the question of the sufficiency of the justification for being on the wrong side of the road should have been taken from it. This conclusion invalidates appellants' theory as to the instructions given and refused to which they object.

The court did not err in leaving the question of contributory negligence with the jury under the instructions which we think were proper.

The judgment is affirmed.

JEFFERS, C. J., BEALS, STEINERT, and HILL, JJ., concur.