[No. 31436. *En Banc.* August 9, 1951.]

H. W. BERGSTROM, *Respondent*, v. BJARNE OVE *et al.*, *Appellants.*[1]

[1]Reported in 234 P. (2d) 548.

*Jack Hullin*, for appellants.
*Edwards E. Merges*, for respondent.

MALLERY, J.—This action arises out of an automobile accident which occurred on the Bucklin hill road, on Bainbridge Island, at about 7:30 a. m., December 28, 1948. The section of road involved runs north from the crest of the hill, descending a three per cent grade for approximately one hundred feet, thence down on a 6⅓ per cent grade. The road is surfaced with blacktop to a width of twenty feet. There are graveled shoulders two feet wide on either side of the blacktop. The roadway was icy from the crest for a distance of several hundred feet north.

A few minutes prior to the accident, M. H. Flodin, with H. W. Bergstrom as a passenger, came over the hill, in a northerly direction, and observed several cars stalled crosswise of the road approximately one hundred fifty yards down the grade. Flodin applied his brakes, went into a skid, and managed to run his car off into a ditch about two hundred fifty feet down the hill on the right side of the road, where it came to rest with the rear protruding some five feet onto the traveled portion thereof.

Lawrence Holm, the next driver who came down the hill, managed to keep his truck under control, and stopped just beyond the Flodin car. Bert Walberg, who was riding with Holm, got out of the truck and came back to assist Flodin and Bergstrom in getting their car back on the road. While the three men were grouped around the Flodin car, defendant Bjarne Ove came over the crest of the hill, saw them, and applied his brakes about one hundred seventy-five feet from the Flodin car. He immediately went into a skid. He alternately applied his brakes and power, and twisted his wheel in both directions, but to no avail. He slid broadside down the highway, out of control, until his car came to rest against the Flodin car, where Bergstrom was standing. There is a dispute as to whether he was on the shoulder or the roadway.

Bergstrom was injured as a result of being caught between the two cars. He brought this action against Ove and Peabody & Company, Inc., whose car Ove was driving at the time. Flodin's car was somewhat damaged in the accident, and he assigned his claim for damages to the plaintiff.

A trial to a jury resulted in a verdict for the plaintiff. Defendants' motion for judgment notwithstanding the verdict or for a new trial, was denied. Defendants thereupon appealed. Ove will be hereafter referred to as though he were the only appellant.

The court gave an instruction on the doctrine of last clear chance. The appellant assigns this as error. He contends that he was unable to avoid the injury to respondent.

The respondent contends, on the contrary, that the appellant had a clear chance to do so "(1) by handling his car in a more expert manner and/or (2) by giving some warning by sounding his horn or otherwise."

We dismiss the contention, without discussion, that appellant had a duty to be more expert that he was able to be.

Implicit in respondent's second contention are the factual concessions that respondent had a clear opportunity to get out of the way, and that appellant was personally in an inextricable situation where he could do nothing but blow his horn. This is inescapable, since, if appellant could not stop and respondent could not get out of the way, there would be no chance, either last or clear, for any one to avoid the injury.

In this factual situation, is respondent's clear chance to get out of the way and avoid injury imputable to appellant? If it is, then appellant was negligent, because of the breach of his duty of care for the safety of others. This would make him liable under the last clear chance doctrine, notwithstanding the contributory negligence of the respondent. This is because of the unique feature of the doctrine of last clear chance which cuts off contributory negligence as a defense. This occurs when one violates one's duty of care not to injure others under circumstances where, notwithstanding the contributory negligence, there is a last clear chance to avoid the injury.

Of course, no one is ever liable, under the doctrine of last clear chance or otherwise, for the injuries of others, unless it is proved that his negligence proximately caused the injury.

 *In the absence of imputed negligence*, it is clear that the appellant was not negligent under the emergency rule discussed in *Ruff v. Fruit Delivery Co.*, 22 Wn. (2d) 708, 157 P. (2d) 730. Therein we said:

"The rule of 'sudden emergency' is, as expressed in 5 Am. Jur. 600, Automobiles, § 171, that an automobile driver who, by the negligence of another and not by his own negligence, is suddenly placed in a situation of emergency and compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice and one that would have been required in the exercise of ordinary care, but for the emergency. In 42 C. J. 890, Motor Vehicles, § 592, the rule is similarly stated.

"That rule has become firmly established as the law of this state. *Ritter v. Johnson*, 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270, and cases therein cited; *Hook v. Kirby*, 175 Wash. 352, 27 P. (2d) 567; *Young v. Hofferber*, 177 Wash. 234, 31 P. (2d) 95; *Clark v. King*, 178 Wash. 421, 34 P. (2d) 1105; *Nystuen v. Spokane County*, 194 Wash. 312, 77 P. (2d) 1002; *Winston v. Bacon*, 8 Wn. (2d) 216, 111 P. (2d) 764."

 The appellant was in an emergent situation from the moment he saw the respondent. He applied his brakes timely and skidded one hundred seventy-five feet, in his effort to stop. This was a choice of action permitted by the rule. He was not negligent as a matter of law *after* the emergency.

Respondent's contention that appellant had a last clear chance to avoid the injury by blowing his horn amounts to this: That, while appellant was skidding down the hill, he could have elected to blow his horn; this would have awakened respondent from his negligent obliviousness to his peril; and he would, thereupon, have grasped his clear chance to avoid injury by getting out of appellant's way. Respondent's last clear chance to get out of the way is then imputed to the appellant, because of his failure to blow the horn.

This logic would hang together very well in a legal vacuum, but, unfortunately for respondent, it collides with the

emergency rule. Under it, appellant is not required to elect horn blowing or any other particular course of action at his peril. His failure to blow the horn was not negligence for that reason, and liability cannot be predicated upon it.

■ ■ We quote two rules of last clear chance from *Shultes v. Halpin,* 33 Wn. (2d) 294, 205 P. (2d) 1201:

"This doctrine to which we are now referring contemplates a last *clear* chance, not a last *possible* chance."

"We have frequently held that the question whether the doctrine of last clear chance is applicable in a given case is a question of law to be determined by the court. [Citing cases.]"

■ Accordingly, we hold, as a matter of law, that appellant did not have a *clear* chance to avoid the injury while he was skidding one hundred seventy-five feet down the road, in his attempt to stop. The instruction on last clear chance should not have been given.

■ Appellant assigned as error the giving of the following instruction:

"You are instructed that negligence, if any, on the part of the driver of the car in which the plaintiff had been riding just previous to the accident is not imputable to the plaintiff."

The evidence is undisputed that Flodin and respondent were partners and were engaged in a partnership venture at the time their car skidded into its position, partially blocking the road, where it remained until the time of the accident. If the jury should find that this made Flodin guilty of negligence, it would be imputed to respondent under the principle of *respondeat superior. Poutre v. Saunders,* 19 Wn. (2d) 561, 143 P. (2d) 554. Respondent contends that the partnership project for that day was abandoned immediately after the skidding, and that this terminated the partnership aspect of the negligence, if any, before the accident. We do not agree. The partnership negligence terminated when the car ceased to obstruct the road. The instruction was erroneous.

■ Appellant assigned as error the giving of the following instruction:

"A pedestrian or person on foot has a right to stand or walk upon the shoulder of a highway off the traveled portion of the roadway."

The instruction is a correct statement of the law as to negligence *per se*. *Barach v. Island Empire Tel. & Tel. Co.*, 151 Wash. 279, 275 Pac. 713; *Harry v. Pratt*, 155 Wash. 552, 285 Pac. 440. See, also, *Hanson v. Eilers*, 164 Wash. 185, 2 P. (2d) 719; and *Highland v. Chas. H. Lilly Co.*, 175 Wash. 507, 27 P. (2d) 693.

It did not, however, encompass that general duty, which one has, to keep such lookout and exercise such care as is commensurate with the danger of which one has or should have had knowledge. If appellant wants an amplification of the instruction to this effect upon the new trial, he may ask for it. See *Highland v. Chas. H. Lilly Co.*, *supra*.

■ Appellant assigns as error the inclusion of this statement in an instruction given by the court:

"However, the driver of a car will be liable for the consequence of his skidding if such skidding is due to any negligent act or omission on his part, and where a car skids onto the untraveled portion of a highway and there collides with a pedestrian, the burden is upon the driver on the untraveled portion of the highway to show that he got there through no fault of his own."

Our previous decisions on the subject have involved situations where the car skidded onto the wrong side of the highway, rather than onto the near shoulder. See, for example, *Martin v. Bear*, 167 Wash. 327, 9 P. (2d) 365; *Haines v. Pinney*, 171 Wash. 568, 18 P. (2d) 496; *Thomas v. Adams*, 174 Wash. 118, 24 P. (2d) 432; *Weaver v. Windust*, 195 Wash. 240, 80 P. (2d) 766; *Tutewiler v. Shannon*, 8 Wn. (2d) 23, 111 P. (2d) 215; *Olson v. Rose*, 21 Wn. (2d) 464, 151 P. (2d) 454. The reason why skidding in such cases establishes a *prima facie* case of negligence is because it has resulted in a violation of the law of the road, which requires an excuse. *Martin v. Bear*, *supra*.

Skidding onto the right shoulder also resulted in an infraction of the statutes relating to the use of the highways. Rem. Rev. Stat., Vol. 7A, § 6360-96 [P.P.C. § 295-43], provides that it shall be unlawful to drive any vehicle along any highway with one wheel or all of the wheels off the roadway, except for the purpose of stopping upon such roadway or, having stopped, for the purpose of proceeding back onto the pavement. Since there is no legal distinction between the two situations in question, the rule is the same. The instruction was correct.

 Appellant requested an instruction regarding the respondent's position at the time of the accident, which quotes Rem. Rev. Stat., Vol. 7A, § 6360-101 [P.P.C. § 295-53], to the effect that it is the duty of a pedestrian to proceed upon the sidewalk where one is provided, otherwise to proceed on the extreme left-hand side of the roadway, and upon meeting an oncoming vehicle, to step to the left and clear of the highway. The instruction also quotes the definition of a pedestrian set out in Rem. Rev. Stat., Vol. 7A, § 6360-1 (11) [P.P.C. § 284-3], as: "Any person afoot." The instruction then continues:

"If you should find that the plaintiff, H. W. Bergstrom, was on the traveled portion of the highway at the time of this accident, you are instructed that plaintiff became and was a pedestrian within the meaning of the above quoted provision of law and became and was required to act accordingly and to obey said provisions of law.

"The violation of this or any other provision of statutory law, constitutes negligence in and of itself, and, therefore, if you find from the evidence in this case that plaintiff at the time and place of the accident failed to step to his left and clear of the highway in question upon the approach of defendants' oncoming vehicle, such failure on plaintiff's part constituted negligence; and if you further find that such negligence proximately caused or proximately contributed to causing the accident in question, your verdict must be for the defendants."

We held, in *Gooschin v. Ladd*, 177 Wash. 625, 33 P. (2d) 653, that one standing on the edge of a road while engaged

in servicing his disabled automobile was not a pedestrian within the meaning of chapter 309, Laws of 1927, § 41 (6), p. 803. The language of that section, now repealed, was almost identical with that of Rem. Rev. Stat., Vol. 7A, § 6360-101. However, the earlier statute contained no definition of the term "pedestrian." The statute presently in effect, as indicated above, defines that term as "any person afoot." In *Chadwick v. Ek*, 1 Wn. (2d) 117, 95 P. (2d) 398, we called attention to the addition of this statutory definition, and indicated that *Gooschin v. Ladd*, *supra*, might not, for that reason, be now controlling. However, the question was not decided in the *Chadwick* case.

In *Nylund v. Johnston*, 19 Wn. (2d) 163, 141 P. (2d) 863, it appeared that the plaintiff walked across the street to his parked automobile, and, upon reaching the door on the street side, he stopped. The door was locked, and, just as he was turning, he was struck by the defendant's car. Plaintiff claimed that when he stopped at the door of his car the statute on the duties of a pedestrian no longer applied to him. After analyzing the applicable statutes, this court rejected that contention, saying:

"Thus, the legislature was careful to define a pedestrian and to prescribe his duties with reference to his use of the highways. In words which require no interpretation and which anyone can readily understand it said that 'pedestrian' means *any person afoot*. In this case, appellant was not inside, nor upon any part of, his parked automobile. He was *afoot*, and concededly was occupying a position on the pavement of Yakima avenue at least two and one-half feet from the left-hand side of his parked car."

Likewise, in *Discargar v. Seattle*, 25 Wn. (2d) 306, 171 P. (2d) 205, it was held that the driver of a tow car, who was attempting to enter the vehicle from the left-hand (street) side, because the other door was blocked by a parked truck, was a "pedestrian."

The respondent falls within the purview of the statutory

definition of a pedestrian and within the rationale of the cited cases. The requested instruction was correct.

The judgment is reversed, and the cause remanded for a new trial.

BEALS, HILL, GRADY, HAMLEY, DONWORTH, and FINLEY, JJ., concur.

SCHWELLENBACH, C. J. (concurring)—I concur in the result for the reason that the last clear chance doctrine has been emasculated in this state.

[1]Reported in 234 P. (2d) 539.