[No. 21844. Department Two. June 20, 1929.]

HERBERT GORDON HAGER, *by his Guardian ad litem, Drusie J. Hager, Appellant,* v. CEASARE LENZI *et al., Respondents.*[1]

*P. L. Pendleton,* for appellant.

*Hayden, Langhorne & Metzger,* for respondents.

FRENCH, J.—Appellant, by his guardian *ad litem,* sought to recover damages for personal injuries. At the close of plaintiff's case, motion for nonsuit was granted, and,. on this appeal, the only question raised is the sufficiency of the evidence to make a case for the jury.

The facts in the case are about as follows: Joe Lenzi is the adopted son of the respondents, who are the owners of, and conduct, a small grocery business in the city of Tacoma. In connection with their business, they own a Dodge truck which they use in making deliveries. On a few occasions, Joe had used this truck in the evening for the purpose of driving around the

[1]Reported in 278 Pac. 673.

city, using it as a pleasure car, but we think the testimony clearly indicates that this was without the consent of the respondents. Herbert Hager on whose behalf this action was brought, was fifteen years old. On the afternoon of July 27, 1928, Herbert met Joe, the circumstances of the meeting being that Herbert, together with another boy who was a mutual friend of both Herbert and Joe, went to the grocery store owned and operated by respondents, and, making inquiry for Joe, were informed by the head clerk in charge of the store that the respondents were out of town, but that they had seriously objected to Joe's use of the truck as a pleasure car, and that undoubtedly Joe would be punished as soon as they returned. Shortly thereafter, they met Joe, and it was agreed by the three of them that they would meet later that evening, the exact purpose of the meeting not being disclosed. Pursuant to their agreement, the boys met sometime in the evening, and decided to take a trip. Joe, together with appellant, went to the home of respondents, and after considerable altercation with the grandmother, who was in charge of the home, and after having used some physical force, they obtained the truck, thereafter picked up the third boy, and, taking with them what money they had, together with a bottle of wine and a revolver, started out. Joe began to drink the wine, and drove very recklessly. The boys stopped at Auburn, got something to eat, and then started out again driving all night. They had a few minor accidents, breaking the wind shield, drove off the side of the road, stopped several places for oil and gas, and finally, in the morning, secured some paint and painted out the grocery signs on the truck, and when about six miles west of Ephrata, and while going at a very high rate of speed, Joe, being partially intoxicated, drove

the car into the ditch at the side of the road, and injured appellant.

■■ The right to recover is based upon the doctrine that, the ownership of the automobile having been admitted, and it also being admitted that it was driven by respondent's son, the question becomes one for the jury, under the rule laid down in *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821, 50 L. R. A. (N. S.) 59; *George v. Carstens Packing Co.,* 91 Wash. 637, 158 Pac. 529; *Moore v. Roddie,* 103 Wash. 386, 174 Pac. 648; *Samuels v. Hiawatha Holstein Dairy Co.,* 115 Wash. 343, 197 Pac. 24, and certain other of our cases. But we do not think that this case can be said to come within the doctrine there announced. Appellant's evidence showed conclusively that this automobile had been stolen; that appellant actively participated in the taking thereof; that, at the time of the accident, they were more than three hundred miles distant from the city of Tacoma, and escaping from the scene of the crime; that the car had been disguised by the use of paint; that, in addition thereto, appellant, knowing that Joe was drinking and driving recklessly, persisted in staying with this enterprise, although he had numerous opportunities to refuse to proceed further.

The presumption existing by reason of showing that the vehicle doing the damage belonged to the respondents, was overcome by appellant's own testimony. *Savage v. Donovan,* 118 Wash. 692, 204 Pac. 805; *Feldtman v. Russak,* 141 Wash. 287, 251 Pac. 572. That appellant was guilty of contributory negligence was well established. *Bauer v. Tougaw,* 128 Wash. 654, 224 Pac. 20.

We think that the mere statement of the facts in this case sufficiently shows many reasons why appellant, as a matter of law, should not be permitted to recover.

Affirmed.

PARKER, MAIN, TOLMAN, and MILLARD, JJ., concur.