[No. 22234. En Banc. August 21, 1930.]

ANDREW R. SCHNEBLY, *Appellant*, v. ELMER D. BRYSON, *et al., Respondents.*[1]

[1] Reported in 290 Pac. 849.

*John C. Hurspool* and *Pedigo & Watson,* for appellant.

*Ellis & Evans* and *Herbert C. Bryson,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries. The cause came on for trial before the court and a jury. At the conclusion of all of the evidence, the defendant moved for a directed verdict, which motion was sustained. Judgment was entered dismissing the action, from which the plaintiff appeals.

The facts are these: The respondents are husband and wife, own an automobile which was purchased for a family purpose, and reside in the city of Walla Walla. Whitman College is located in the same city. On the evening of November 24, 1928, the young men of one of the college fraternities were giving a dance. Blanche Bryson, the daughter of the respondents, went to the dance with George Wilkin, a member of the fraternity, as her escort. In going from the home of the respondents to the place of the dance, the young people, with the consent of Miss Bryson's parents, used their automobile, Wilkin doing the driving.

At about 10 o'clock in the evening, and after the dance had been in progress for some time, the young men of the fraternity held a conference with the view to providing something in the way of entertainment which would tend to enliven the activities. The result of this conference was that one of the young men was to go to the police station and get a policeman's uniform in order that there might be put on, as a part of the program of the evening, a fake raid. Wilkin was designated to make the trip to the police station to get the uniform. He asked Miss Bryson for permission to use the automobile of the respondents and

requested her to accompany him, to which she assented. On the way from the fraternity house to the police station, Wilkin drove the car, Miss Bryson accompanying him, and before reaching the station the appellant was struck by the automobile and sustained the injuries for which he sought recovery.

The controlling question is whether the automobile at the time of the accident was being used for a family purpose. If it was so being used, then the trial court was in error in directing a verdict. If it was not being used for a family purpose, then the directed verdict was proper. We attach no importance to the fact that Wilkin, rather than Miss Bryson, was actually driving the car.

In *Birch v. Abercrombie*, 74 Wash. 486, 133 Pac. 1020, 50 L. R. A. (N. S.) 59, it was held that the owner of an automobile, purchased for the use of his family, was liable to third persons for injuries sustained through the negligent driving of his daughter using the car for her own pleasure by his consent, express or implied, and this not by reason of relation of parent and child, but through the relation of agency or service. It was there said:

"It seems too plain for cavil that a father, who furnishes a vehicle for the customary conveyance of the members of his family, makes their conveyance by that vehicle his affair, that is, his business, and any one driving the vehicle for that purpose with his consent, express or implied, whether a member of his family or another, is his agent. The fact that only one member of the family was in the vehicle at the time is in no sound sense a differentiating circumstance abrogating the agency. It was within the general purpose of the ownership that any member of the family should use it, and the agency is present in the use of it by one as well as by all. In this there is no similitude to a lending of a machine to another for such

other's use and purpose unconnected with the general purpose for which the machine was owned and kept.''

Applying the doctrine of that case to the facts in the case now before us, it cannot be held that the automobile, when it was being driven from the fraternity house to the police station, was being operated within the family purpose, for which it had been purchased by the respondents. Neither the respondents nor their daughter had anything to do with the getting up of the dance, arranging the program, or had any part in the conference which resulted in the desire to obtain a policeman's uniform to put on a fake raid by the fraternity as a part of the entertainment for their guests.

It is true that Miss Bryson was the agent of her parents so long as the automobile was being used for the family purpose, for which it had been purchased. It seems to us that it would be going too far to say that the automobile, at the time the appellant was injured, was being operated within that purpose. Miss Bryson, in using the automobile or permitting it to be used for the purpose of going to the police station to obtain the uniform for the benefit of the members of the fraternity and as a result of their conference, was acting beyond the scope of her agency. If acting beyond the scope of the agency, it follows, of course, that the respondents were not liable in this case. The trial court did not err in directing a verdict.

■ The fact that the automobile belonged to the respondents and that, at the time of the accident, it was driven by the daughter of respondents, or by her permission driven by another, was sufficient to put the respondents upon proof that the automobile was not used within the scope of the family purpose for which it had been purchased; but when, upon the defense, it was shown conclusively and without any substantial

conflict that the automobile was not being used at the time of the injury within the scope of the family purpose and was being used for a separate and independent purpose, it became the duty of the trial court to direct a verdict.

In *Ludberg v. Barghoorn,* 73 Wash. 476, 131 Pac. 1165, it was said:

"The fact that the automobile was admitted to belong to the defendant, and that the driver of the automobile was in the employ of the defendant, was sufficient to put the defendant upon proof that the automobile was not used in his business or for his employment, has been held in a number of cases. *Knust v. Bullock,* 59 Wash. 141, 109 Pac. 329; *Kneff v. Sanford,* 63 Wash. 503, 115 Pac. 1040; *Burger v. Taxicab Motor Co.,* 66 Wash. 676, 120 Pac. 519.

"But where upon the defense it is shown conclusively and without any substantial dispute that the automobile was not being used at the time of the injury in the defendant's employment or upon his business, and was being used by some other person on business of his own and without any reference to the business of the owner, it becomes the duty of the court to direct the judgment under Rem. & Bal. Code, § 340. We think the trial court, therefore, properly directed a judgment in favor of the defendant."

The cases of *Savage v. Donovan,* 118 Wash. 692, 204 Pac. 805, and *Anning v. Rothschild & Co.,* 130 Wash. 232, 226 Pac. 1013, are to the same effect.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, FRENCH, MILLARD, TOLMAN, and BEALS, JJ., concur.

FULLERTON and HOLCOMB, JJ., dissent.