[No. 27201.   Department Two.   December 28, 1938.]

DENISE LARSON MURRAY, *Appellant*, v. KAUFFMAN
BUICK COMPANY, *Respondent*.[1]

*H. E. T. Herman, Richard S. Munter,* and *Paul F.
Schiffner,* for appellant.

*H. Earl Davis,* for respondent.

BEALS, J.—The plaintiff, Denise Larson Murray,
sued Kauffman Buick Company, a corporation, and

[1] Reported in 85 P. (2d) 1061.

Norman Hartbauer, for the purpose of recovering damages for injuries suffered by plaintiff as the result of a collision between an automobile being driven by plaintiff and one owned by defendant corporation and driven by defendant Hartbauer. The latter was not served with process and did not appear in the action, although he testified on the trial as a witness for defendant. The action was tried to a jury, and resulted in a verdict in plaintiff's favor in a substantial sum. The trial court granted a motion made by defendant for judgment in its favor notwithstanding the verdict and also granted defendant's motion for a new trial, directing that the new trial should take place in the event that this court should hold that the trial court had erred in granting defendant's motion for judgment in its favor as matter of law. From a judgment dismissing the action, plaintiff has appealed.

Error is assigned upon the ruling of the trial court granting respondent's motion for judgment in its favor notwithstanding the verdict; upon the order granting respondent's motion for a new trial, entered conditionally, as above stated; and upon the entry of judgment dismissing the action.

On the morning of July 22, 1937, appellant was driving an automobile in an easterly direction along Fifth avenue, in the city of Spokane, approaching the intersection with Madison street. The latter street, to the north of Fifth avenue, slopes down for a block at least at a grade approximating eleven per cent. The northwest corner of the street intersection was somewhat obstructed by foliage, preventing a clear view of traffic. Appellant proceeded east across the intersection, and when the rear of the car which she was driving was approximately at the center of the intersection, it was struck by respondent's car, which had approached from the north (appellant's left), appellant's

car being turned over on its side by the force of the collision, and appellant seriously injured.

In her complaint, appellant alleged that the car which collided with the one she was driving was owned by respondent, and was then being driven by Norman Hartbauer, an employee of respondent, acting in the course of his employment. She also alleged that Hartbauer had operated his car negligently and carelessly, and that his negligence was the sole and proximate cause of appellant's injuries.

Respondent denied knowledge or information sufficient to enable it to form a belief as to most of the allegations in appellant's complaint, but particularly denied that, at the time and place mentioned in the complaint, Hartbauer was driving or operating an automobile in the course of his employment by respondent. As an affirmative defense, respondent pleaded that if, at the time and place mentioned, Hartbauer was driving an automobile, he was so driving the same upon his own private and personal business, no way connected with or in furtherance of the interest of respondent, nor within the course or scope of his employment, but was driving the same contrary to the express direction of respondent. Respondent also pleaded contributory negligence on the part of appellant.

The affirmative matter in the answer was denied by reply, and the action was tried by a jury, which returned a verdict in appellant's favor, as above set forth.

Upon appellant's appeal from the order granting judgment in respondent's favor as matter of law, the sole question presented is whether or not, under the evidence, there was presented a question for the jury upon the matter of respondent's responsibility for Hartbauer's negligent operation of respondent's auto-

mobile. It is admitted that the car was respondent's property, and that Norman Hartbauer was then in respondent's employ. Respondent does not contend that Hartbauer's negligence was not the proximate cause of appellant's injuries.

According to witnesses in the employ of respondent who testified on its behalf, its employees of the class of Hartbauer were forbidden to drive company cars. While Hartbauer had wages due him from respondent, after the accident he abandoned his employment and did not return to respondent's place of business. Clair Ash testified that Hartbauer was under his jurisdiction and was forbidden to drive company cars. Several other witnesses testified as to the existence of the rule referred to.

Mr. Ash testified that, on the day of the accident, the car in question needed a new battery, and that Hartbauer took the car from the curb, for the purpose of driving it around the building and up a ramp, for the purpose indicated. Mr. Carrico testified that he asked Hartbauer if he would exchange the run-down battery for a good one. The scene of the collision was five blocks from the nearest point on the route around the building which would be followed by Hartbauer in taking the car up the ramp. Hartbauer testified that he was working under Mr. Ash; that, without permission, he was driving the car to his home, where he was to have lunch; that he had not been instructed by anyone to take the car for any purpose, and that he had been forbidden to drive company cars; that he had never driven a car around respondent's plant, although other witnesses testified that he had driven cars in and around respondent's place of business.

It being admitted that Hartbauer was an employee of respondent, and was driving a car owned by respondent, the presumption arose that Hartbauer was

acting within the scope of his employment. *Ludberg v. Barghoorn,* 73 Wash. 476, 131 Pac. 1165; *Singer v. Metz Co.,* 107 Wash. 562, 182 Pac. 614, 186 Pac. 327; *Schnebly v. Bryson,* 158 Wash. 250, 290 Pac. 849; *Mc-Mullen v. Warren Motor Co.,* 174 Wash. 454, 25 P. (2d) 99; *Templin v. Doan,* 187 Wash. 68, 59 P. (2d) 1110. This presumption is, of course, rebuttable, and we have held that evidence introduced by the owner of a car may, as matter of law, overcome the presumption. *Mitchell v. Nalley's, Inc.,* 163 Wash. 183, 300 Pac. 526.

At the time of the collision, Hartbauer was wearing a smock furnished by respondent and bearing its insignia. The place of the accident was not on the direct line between respondent's place of business and Hartbauer's home, to which he testified he was going. The testimony of some of respondent's own witnesses is contrary to Hartbauer's testimony that he had not been told to drive the car in question to that portion of respondent's plant where its battery could be changed.

In the case of *Forsberg v. Tevis,* 191 Wash. 355, 71 P. (2d) 358, this court quoted from 1 Restatement of the Law of Agency, 530, as follows:

" 'The fact that the predominant motive of the servant is to benefit himself or a third person does not prevent the act from being within the scope of employment. If the purpose of serving the master's business actuates the servant to any appreciable extent, the master is subject to liability if the act otherwise is within the service . . . ' "

The supreme court of California, in the case of *Ryan v. Farrell,* 208 Cal. 200, 280 Pac. 945, said:

"It is the established rule in this jurisdiction that where the servant is combining his own business with that of his master, or attending to both at substantially the same time, no nice inquiry will be made as to

which business the servant was actually engaged in when a third person was injured; but the master will be held responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master."

Upon the evidence contained in the record in the case at bar, it cannot be held as matter of law that respondent was entitled to judgment in its favor. The evidence given by respondent's witnesses is, at least to some extent, contradictory, and as to some particulars, Hartbauer's testimony is not entirely consistent with physical facts. The question was one for the jury to determine.

The language of the supreme court of Idaho, in the case of *Willi v. Schaefer Hitchcock Co.,* 53 Ida. 367, 25 P. (2d) 167, describes a somewhat similar situation:

"The above presumption being rebuttable, the correct rule with regard to the consideration of whether such presumption has been met or overcome is well stated in *International Co. v. Clark,* 147 Md. 34, 127 Atl. 647, cited with approval in *Magee v. Hargrove Motor Co., supra,* as follows:

" 'It is equally well settled that, where the evidence offered to establish facts which would rebut this presumption is contradictory, the question is one for the jury; but, where the facts so offered are undisputed and uncontradicted, it becomes properly a question for the court. It might be added that, where the facts are such as to leave the court in doubt as to this question, the proper course is to submit the case to the jury; it being their function to pass upon the weight of the evidence.' "

The trial court erred in granting judgment in respondent's favor as matter of law.

Appellant earnestly contends that the order of the trial court granting respondent's motion for new trial should be reversed, citing many authorities. The order recites:

"It further appearing to the court that in addition to the insufficiency of the evidence to justify the verdict of the jury, that the verdict herein was returned under the influence of passion and prejudice . . ."

Appellant contends that the granting of the new trial constituted an abuse of discretion. The authorities cited support appellant's contention that the action of a trial court granting a motion for a new trial will be reviewed, and in case the discretion of the trial court was abused, the order will be reversed. In the case at bar, however, we are convinced that it cannot be held that the action of the trial court in granting respondent's motion for a new trial constituted an abuse of discretion, and that order will stand affirmed.

The judgment appealed from is reversed, with instructions to vacate the order granting respondent's motion for judgment in its favor notwithstanding the verdict, and to proceed with the new trial.

STEINERT, C. J., MILLARD, GERAGHTY, and SIMPSON, JJ., concur.