[No. 30899. Department Two. September 3, 1949.]

FRANCIS J. PFLUGMACHER *et al., Respondents,* v. WILLIAM J. THOMAS *et al., Appellants.*[1]

*J. T. Trullinger* and *O'Leary, Meyer & O'Leary,* for appellants.

*Will M. Derig (Daniel C. Blom,* of counsel), for respondents.

GRADY, J.—This action was instituted by Francis J. Pflugmacher and Rose Pflugmacher, his wife, against William J. Thomas and Helen G. Thomas, his wife, and Richard Thomas, their minor son, to recover damages for personal injuries sustained by Rose Pflugmacher as the result of being struck by a bicycle ridden by him.

[1] Reported in 209 P. (2d) 443.

The jury returned a verdict against all of the defendants. The court denied motions for a judgment notwithstanding the verdict or, in the alternative, for a new trial. This appeal is from the judgment entered on the verdict.

The action was maintained upon the theory that on the occasion in question Richard Thomas was using a bicycle furnished him by his parents to earn money for the benefit of the family by handling a paper route; that they were negligent in that they permitted him to use the bicycle when it was in a dangerous condition and not equipped with proper lights or brakes, and failed to properly inspect it and put it in proper condition; that Richard Thomas negligently propelled the bicycle, and did so at an excessive rate of speed.

The defendants by answer denied the charges of negligence made against them, and affirmatively pleaded that at the time of the accident Richard Thomas was traveling from their home to attend a meeting of Boy Scout Troop No. 31, to be held at the Eagles hall in the city of Olympia that evening; that he observed Rose Pflugmacher crossing the street, and called a warning to her; that instead of proceeding on her way across the street, she negligently darted back, and ran into and collided with the bicycle.

In this opinion we shall refer to the plaintiffs as respondents, and to Mr. and Mrs. Thomas as appellants.

We do not find in the briefs of appellants any claim of nonliability on the part of Richard Thomas. The only claim made in his behalf is that the damages awarded were excessive. The questions of the negligence of Richard Thomas and the contributory negligence of Rose Pflugmacher were for the jury to determine. Our examination of the record convinces us that there was sufficient evidence to support the verdict of the jury on those issues, and that the amount of damages awarded was not excessive.

One assignment of error relates to the admissibility of certain evidence claimed to constitute an admission of liability by appellants. Such evidence could not affect the liability of Richard Thomas, and in view of the conclusion we

have reached as to the liability of appellants, the question raised becomes immaterial.

When all of the evidence had been submitted, it was apparent that no liability on the part of appellants could be based either upon the theory that Richard Thomas was using the bicycle to earn money for the family by the handling of a paper route, or that appellants had furnished to their minor son and permitted him to use a bicycle which to their knowledge was in a dangerous condition and without proper lights or brakes, and had failed to properly inspect and place it in a safe condition.

The trial judge did not submit either of these theories to the jury. No objection was made by respondents to such action. The court ruled that, in view of what this court had said in *Hanson v. Eilers*, 164 Wash. 185, 2 P. (2d) 719, and *Hanford v. Goehry*, 24 Wn. (2d) 859, 167 P. (2d) 678, the family purpose doctrine applied, and submitted the case to the jury on that theory. The case is before us for review as to whether the family purpose doctrine as applied to automobiles also applies to bicycles.

The evidence on the branch of the case affecting the claimed liability on the part of appellants was that Richard Thomas, of the age of thirteen years, resided with his parents. Shortly before the happening of the accident, they had purchased for and permitted him to use a bicycle. He was a member of the Boy Scouts, and was on his way to attend a Scout meeting, all with the knowledge, consent, and approval of his parents.

We have not been cited to any case in which the court has been called upon to apply the family purpose doctrine to a bicycle. In *Meinhardt v. Vaughan*, 159 Tenn. 272, 17 S. W. (2d) 5, the doctrine was applied to a motorcycle. In *Felcyn v. Gamble*, 185 Minn. 357, 241 N. W. 37, 79 A. L. R. 1159, the court refused to apply the doctrine to a motor boat. Respondents cite *Foster v. Farra*, 117 Ore. 286, 243 Pac. 778, in which a statement is made to the effect that the doctrine was applied in cases of horsedrawn vehicles, decided before the advent of the automobile. Two cases are cited in support of

the statement, but in both of them there was the conventional relationship of master and servant.

We have thus far applied the doctrine only to automobiles. Respondents contend there is no reason why the doctrine should not apply to a bicycle; that the liberal rule of the law of agency as applied to automobiles can be properly applied to the bicycle; that a bicycle is a vehicle designed for and capable of use upon the highways, and by statute is classified in the same category as automobiles; that the operator of a bicycle is entitled to the same rights and privileges and is subject to the same liabilities as the operator of an automobile, truck, or other vehicle; that all elements necessary for application of the family purpose doctrine as pronounced by this court are present in this case: (1) The defendant owner must have furnished the vehicle for the customary conveyance of the members or a member of his immediate family. *Birch v. Abercrombie*, 74 Wash. 486, 133 Pac. 1020, 50 L. R. A. (N.S.) 59. (2) The operator must have been a member of his immediate household. *Warren v. Norguard*, 103 Wash. 284, 174 Pac. 7. (3) The vehicle must have been operated with the acquiescence or permission of the owner. *Hager v. Lenzi*, 152 Wash. 611, 278 Pac. 673. (4) The accident or injury must have occurred within the area of the permissive use. *Schnebly v. Bryson*, 158 Wash. 250, 290 Pac. 849.

In considering the question presented, we start with the basic rule that parents are not responsible for the torts of their minor children solely on the ground of relationship (subject to exceptions not material here). The liability, if any exists, must rest in the relation of agency or service. *Birch v. Abercrombie, supra*; 39 Am. Jur. 690, § 55.

We have heretofore pointed out that the record does not show the conventional relationship of either master and servant or principal and agent, and in order to hold appellants liable it would be necessary to extend the relationship of principal and agent to them and their minor son. The doctrine is an extension of the rules of agency to a situation where public policy demanded relief to injured persons

caused by the negligent operation of automobiles by members of families. We recognized and applied the doctrine in *Birch v. Abercrombie, supra,* and in subsequent cases, the later ones being *Davis v. Browne,* 20 Wn. (2d) 219, 147 P. (2d) 263, and *Hanford v. Goehry,* 24 Wn. (2d) 859, 167 P. (2d) 678. In the *Davis* case, we said:

"It has also been uniformly held in this state, ever since it was so decided in *Birch v. Abercrombie, supra,* that one who furnishes a vehicle for the customary conveyance of the members of his family, whether for business or solely for pleasure, makes the transportation of such persons by that vehicle his affair, that is, his business, and anyone driving the vehicle for that purpose with his consent, express or implied, whether a member of his family or another, is his agent."

Although it may appear quite logical from a legal standpoint to say that the doctrine should be extended to a bicycle furnished by parents for the use and enjoyment of their minor child, we cannot overlook the fact that the courts in the automobile cases were being confronted with an alarming situation and an increasing social problem demanding solution. Rules which had been pronounced by the courts in the past with reference to the relationships of master and servant·and principal and agent seemed to stand in the way of the promotion of justice, as viewed by preponderant judicial opinion. It would not do to say that the courts which had promulgated such rules were so lacking in power they could not extend them to meet such a situation. But necessarily the courts must proceed cautiously and recognize limitations, and if the reasons for extending the application of any established rule do not exist, then such extension should not be made by the courts, but left to the legislature.

We are not convinced from what has been presented to us by the record in this case, or from what we can judicially notice, that the use of a bicycle by a minor member of a family, although capable of doing harm to others if negligently operated, requires or would justify this court

extending and applying the family purpose doctrine to the facts of this case.

The judgment against Richard Thomas is affirmed, and as against William J. Thomas and Helen G. Thomas is reversed.

SIMPSON, C. J., ROBINSON, JEFFERS, and SCHWELLENBACH, JJ., concur.