**UNITED STATES of America,**
**Appellant,**

v.

**Harold KENNEDY, Appellee.**
**No. 14767.**

United States Court of Appeals
Ninth Circuit.

Feb. 1, 1956.

Warren E. Burger, Asst. Atty. Gen., Paul A. Sweeney, Julian H. Singman, Attys., Dept. of Justice, Washington, D. C., Charles P. Moriarty, U. S. Atty., F. N. Cushman, Asst. U. S. Atty., Seattle, Wash., for appellant.

George R. Mosler, George J. Toulouse, Jr., Seattle, Wash., for appellee.

Before DENMAN, Chief Judge, and POPE and LEMMON, Circuit Judges.

DENMAN, Chief Judge.

The United States appeals from a judgment of the United States District Court for the Western District of Washington, Northern Division, which found the United States liable for injuries suffered by appellee which were caused by the negligence of a sergeant in the United States Army. The Government contends that under the Washington law of *respondeat superior*, made applicable to such suits under the Federal Tort Claims Act by Williams v. United States, 1955, 350 U.S. 857, 76 S.Ct. 100, the District Court erred in holding it responsible for this negligence of one of its soldiers. That the soldier was negligent is not questioned.

On January 5, 1954, Sergeant First Class Richard E. Mayer was reassigned from Fort Lewis, Washington to the Army Language School in the Presidio of Monterey, California, to equip himself for Army service in the Chinese

language. Sergeant Mayer was not required to report to the school until January 28, 1954, and was authorized to take ten days leave in Seattle, Washington, about 47 miles north of Fort Lewis, followed by four days travel time to the school, some one thousand miles to the south.

Sergeant Mayer's orders gave him the option of traveling to Monterey by common carrier selected by the Transportation Corps or securing his own means of transportation including the use of a private vehicle if he so desired. If he used his own automobile, he was to be reimbursed according to the allowances authorized by the Joint Travel Regulations for the cost of traveling between Fort Lewis and Monterey but not for travel between Fort Lewis and Seattle. Sergeant Mayer decided to use his 1951 Ford. The Army paid Mayer the amount provided by the regulations for the use of his car. It also paid his soldier's wage during his vacation period.

On January 23, 1954, before Sergeant Mayer's ten day leave had expired and five days before he was due to report at Monterey, he negligently injured appellee in a collision. The accident occurred between Seattle and Fort Lewis when he was proceeding to the Army Language School at Monterey as directed by and pursuant to the order of January 5, 1954, as admitted by the answer of the United States. We thus have the situation where the soldier employee was both acting pursuant to his employer's direction and personally enjoying his vacation.

■ The controlling principle in such a situation is stated by the Washington Supreme Court in Carmin v. Port of Seattle, 1941, 10 Wash.2d 139, 116 P.2d 338, 344, as follows:

" ' "It is the established rule in this jurisdiction that where the servant is combining his own business with that of his master, or attending to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in when a third person was injured; but the master will be held responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master." ' "

In so stating it repeated the same statement in Murray v. Kaufman Buick Co., 197 Wash. 469, 85 P.2d 1061. In Forsberg v. Tevis, 191 Wash. 355, 71 P.2d 358, 359, that court accepted as the law of Washington the following from the Restatement of the Law of Agency 530.

" 'The fact that the predominant motive of the servant is to benefit himself or a third person does not prevent the act from being within the scope of employment. If the purpose of serving the master's business actuates the servant to any appreciable extent, the master is subject to liability if the act otherwise is within the service. * * * ' "

■ Since the appellant admits that at the time of the accident Sergeant Mayer "was acting within the scope of his employment as a member of the military forces of the United States," the Washington cases cited to the proposition that an employer is not liable for the acts of an employee living in the vicinity of his place of employment and going there to and from his home are not applicable.[1]

We think the court did not err in holding that the injury to Mrs. Kennedy was caused by the sergeant in the course of his employment by the United States Army and in holding the United States liable therefor. The judgment is affirmed.

1. Rice v. Garl, 1940, 2 Wash.2d 403, 98 P.2d 301; Bourus v. Hagen, 1937, 192 Wash. 588, 74 P.2d 205.