[No. 2054-3. Division Three. March 27, 1978.]

RICHARD BEAUGHAN, ET AL, *Appellants,* v. ALBERT
LOSVAR, ET AL, *Respondents.*

*Richard B. Price* and *Nansen, Price & Howe,* for appellants.

*Michael J. Hemovich, Bantz, Hemovich & Nappi,* and *Carl Diana,* for respondents.

ROE, J.—Plaintiffs appeal the dismissal of their wrongful death action against Albert and Isabelle Losvar.

The facts are simple:

While riding a motorcycle, plaintiffs' son, Mitchell, was struck and killed by an automobile operated by Blair Losvar.

Plaintiffs brought suit against Blair and his parents, Albert and Isabelle. At trial Blair and his parents testified that although Blair had been "grounded" on the day the accident occurred, *i.e.,* he was not to use the automobile or leave the family home, while his parents were gone Blair used the automobile and the accident occurred. The jury found Blair liable but his use of the automobile nonpermissive. The court entered judgment against Blair and dismissed the action as to his parents.

Although plaintiffs have urged four sub–assignments of error, the dispositive issue is whether the court should have instructed the jury as follows:

> You are further instructed that implied consent may be established by proof that the car was customarily used by Defendant Blair Losvar.
>
> The matter of whether or not Defendant Blair Losvar was obeying his parents' instruction as to the use of the car on a particular occasion does not relieve the parents of responsibility for Defendant Blair Losvar's negligent acts if you find that the car was customarily used by Defendant Blair Losvar.[1]

---

[1] Plaintiffs' entire proposed jury instruction No. 2 is set forth below and except for the italicized portions is identical to the court's instruction No. 16:

"In order for a parent to be responsible for a child's act in the use of a car, you must find from the evidence the following essential elements:

"(1) That the automobile was owned *or maintained* by the parent.

Assuming the plaintiffs (a) properly objected to the court's failure to instruct, and (b) properly proposed the instruction from which the foregoing portion is taken,[2] we find no error.

 The parameters of the family car doctrine in Washington are well established:

It has also been uniformly held in this state, ever since it was so decided in *Birch v. Abercrombie, supra* [74 Wash. 486, 133 P. 1020 (1913)], that one who furnishes a vehicle for the customary conveyance of the members of his family, whether for business or solely for pleasure, makes the transportation of such persons by that vehicle his affair, that is, his business, and anyone driving the vehicle for that purpose with his consent, express or implied, whether a member of his family or another, is his agent.

*Davis v. Browne*, 20 Wn.2d 219, 229, 147 P.2d 263 (1944).

The element of permissive use, in light of the testimony adduced at trial, was a fact question to be resolved by the jury. *E.g., Davis v. Browne, supra; Carlson v. Wolski*, 20 Wn.2d 323, 147 P.2d 291 (1944); *cf. Pflugmacher v.*

---

"(2) That the automobile was owned *or maintained* by the parent for the customary conveyance of family members and other family business.

"(3) That at the time of the accident the car was being driven by a member of the family for whom the car was maintained.

"(4) That the car was being driven, at the time of the accident, by a member of the family for whom the car was maintained, with the express or implied consent of the parents. *If you find the above elements then you should find for the Plaintiffs and against Defendants Albert and Isabelle Losvar.*

"*You are further instructed that implied consent may be established by proof that the car was customarily used by Defendant Blair Losvar.*

"*The matter of whether or not Defendant Blair Losvar was disobeying his parents' instruction as to the use of the car on a particular occasion does not relieve the parents of responsibility for Defendant Blair Losvar's negligent acts if you find that the car was customarily used by Defendant Blair Losvar.*

"If in the event you find that any one of the above elements are [*sic*] not proved by a preponderance of the evidence, then you must find for the Defendants Albert and Isabelle Losvar."

[2]This case is before the court on a partial report of proceedings which does *not contain the objections of counsel to the instructions given or refused.* Additionally, the clerk's papers do not contain plaintiffs' additional proposed jury instructions wherein proposed instruction No. 2 (quoted in footnote 1) is allegedly found.

*Thomas,* 34 Wn.2d 687, 690, 209 P.2d 443 (1949). Consequently, the plaintiffs' proposed instruction improperly directed the jury on an issue of fact. Error cannot be successfully urged relative to the trial court's refusal to give an erroneous instruction. *Impero v. Whatcom County,* 71 Wn.2d 438, 430 P.2d 173 (1967).

The cases relied upon by plaintiffs, *i.e., First–City Bank & Trust Co. v. Doggett,* 316 S.W.2d 225 (Ky. 1958), and *Werker v. Knox,* 197 Wash. 453, 85 P.2d 1041 (1938), are not persuasive. The former does not express the Washington rationale for the family car doctrine which has been consistently reiterated since the doctrine's adoption in 1913. The latter, while resolved on basis of general community agency, contains dicta which strongly supports the respondents' position, particularly in light of the citation to *Schnebly v. Bryson,* 158 Wash. 250, 290 P. 849 (1930), which removes a "frolic" outside the scope of parental permission from the purview of the family car doctrine. *Schnebly v. Bryson, supra* at 253. A fortiori, if the parents are not liable for a "frolic" on his own by the child, they are not liable when permission is refused in the first instance.

Judgment affirmed.

GREEN and McINTURFF, JJ., concur.