[No. 27197.   Department One.   January 20, 1939.]

JOSEPH FAIRCHILD *et al., Appellants,* v. DOROTHY DEAN, *Respondent.*[1]

*Oscar A. Zabel,* for appellants.

*E. K. Brown,* for respondent.

[1]Reported in 86 P. (2d) 271.

2

MAIN, J.—These four actions were consolidated "for all purposes as a single case." The first action was to recover for personal injuries and damages to an automobile. In the other three, the respective plaintiffs sought to recover for personal injuries. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that no recovery could be had. From the judgment dismissing the action, the plaintiffs have appealed.

No statement of facts or bill of exceptions has been brought to this court. The case is here for determination upon the findings made by the trial court. These will be summarized as follows:

The accident which gave rise to the four suits happened November 27, 1936, at about nine o'clock a. m., on what is known as the Sunset highway, or highway No. 2, and about a mile west of Falls City, in King county. There were involved in the accident four vehicles, three automobiles and one truck.

The highway, generally speaking, extends east and west. The truck was proceeding west and was followed by a Chevrolet coupe, operated by Dorothy Dean, and this car will be referred to as the Dean car. A little distance behind the Dean car was another car, driven by Mary Waller, which will be referred to as the Waller car. The truck was proceeding at a speed of about twenty miles per hour. From the opposite direction, Joseph Fairchild, with three guests in his car, which will be referred to as the Fairchild car, was proceeding east.

The highway was paved to a width of twenty feet, and was straight for a distance of about one thousand feet east of the point of the accident. Where the accident occurred, the highway curved to the right. For some distance, the curve was a moderate one, and then became more acute. The truck was of such

a character that it obscured the vision of the road ahead. About two hundred and twenty-five feet west of the point where the accident occurred, a graveled highway entered the paved highway. This graveled highway extended east and west.

The Dean car, after following the truck for about five hundred feet and after reaching the one thousand feet of straight highway, above mentioned, turned to the left to go around the truck, and, when the car got opposite the truck, the driver thereof saw the Fairchild car approaching from the other direction. The Dean car then swung diagonally to the left side of the highway, and the Fairchild car passed through the clearance between the rear of that car and the truck. In doing so, the Fairchild car went through this opening in a diagonal direction to the left and collided with the Waller car.

As found by the trial court, it was a foggy day, not greatly foggy, "but that it was sufficiently to impair the visibility to some degree;" and further found "that, by reason of said substantial and material impairment of the visibility on account of said condition of fog," and by reason of the respondent's unfamiliarity with the highway, she was not guilty of negligence, as the findings state, because, when she started to go around the truck on the left, she did not know of the curve upon the latter highway and thought that the graveled highway was an extension of the paved highway.

The findings further state that, when the Dean car started to go around the truck, the driver thereof "did not have a clear view ahead of six hundred feet" upon the paved highway, but did have a clear view ahead of more than six hundred feet upon that highway and the graveled road. The trial court concluded that the proximate cause of the collision between the Fairchild car and the Waller car was due to the fact that

the Dean car attempted to go around the truck when there was not a clear vision ahead of six hundred feet upon the paved highway; but that, inasmuch as the driver of the Dean car had reason to believe, under the circumstances there existing, that the graveled road was a continuation of the highway, the driver of that car was not guilty of negligence.

At the time the accident happened, the law of this state (Rem. Rev. Stat., § 6362-41 [P. C. § 196-41]) provided that it was unlawful for any person to pass a moving vehicle unless there was "a clear view ahead of not less than two hundred yards." We are in accord with the view of the trial court that the attempt of the Dean car to go around the truck when there was not a clear view ahead of six hundred feet was the proximate cause of the collision between the Fairchild car and the Waller car.

The question to be determined upon this appeal is a narrow one, and that is whether the driver of the Dean car is exonerated from negligence by reason of the fact that she mistook the graveled road for an extension of the paved highway, due to the atmospheric conditions.

The statute is plain and unequivocal in its terms. The Dean car, as already stated, attempted to go around when there was not a clear view ahead of six hundred feet; and this, under the statute, was negligence, because it has been repeatedly held by this court that "a thing done in violation of positive law is in itself negligence." The statutory enactments regulating traffic upon the public highways are made for the purpose of being obeyed. They are the outgrowth of necessity, and on the observance of them depends the safety of the users of the highways. Failure to obey the regulations not only endangers the safety of the person guilty of disobedience, but also

endangers the safety of others using the highways in a lawful manner. Courts do not look lightly upon infractions of these regulations.

In *Benson v. Anderson,* 129 Wash. 19, 223 Pac. 1063, it was said:

"The statutory enactments regulating traffic upon the public highways are made to be obeyed. They are the outgrowth of necessity. On the observance of them depends the safety of the users of such highways. Failure to obey them not only endangers the safety of the person guilty of the disobedience, but it endangers the safety of others using them in a lawful manner. Courts, therefore, should not look lightly upon infractions of these regulations."

As sustaining the trial court, the respondent relies on that line of cases which hold that circumstances may arise where it is proper, in the exercise of reasonable care, to violate a rule of the road. Those cases, generally speaking, apply either to a situation where the driver must act in an emergency and is justified in turning to the left in order to avoid a collision with another vehicle, or where the driver of the vehicle, without fault on his part, has lost the control thereof. *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684; *Martin v. Bear,* 167 Wash. 327, 9 P. (2d) 365. That rule, however, cannot be applied to the facts in the case now before us, because the driver of the Dean car, when she attempted to pass the truck, was not acting in an emergency, and she had not lost control of the vehicle. The fact that the driver of the Dean car saw the graveled roadway and in good faith believed that it was a continuation of the paved highway, and that she did not know of the curve, does not exonerate her from violating the plain mandate of the statute.

The judgment in each of the four cases will be reversed, and they will be remanded to the superior

6

court for further proceedings not inconsistent with what has been hereinbefore said.

BLAKE, C. J., BEALS, STEINERT, and ROBINSON, JJ., concur.