[No. 28704.   Department Two.   June 22, 1942.]

CHARLES A. COMSTOCK, *Appellant,* v. PIERCE COUNTY *et al., Respondents.*[1]

[1]Reported in 127 P. (2d) 264.

*Earl V. Clifford,* for appellant.

*John D. MacGillivray,* for respondents.

BLAKE, J.—In attempting to overtake and pass an oil truck belonging to defendant Pierce county, plaintiff ran into the railing of a bridge. He brought this action to recover for damage to his car, charging that the driver of the truck was negligent in that, as plaintiff drew up to pass, he swerved to the left side of the road, forcing plaintiff to the choice of colliding with the truck or running into the rail of the bridge.

The accident occurred on the Enumclaw farm-to-market road on a bridge that spans Ohop creek. The bridge is twenty feet wide and forty-five feet long. On each side is a concrete curb a foot wide and a foot high, leaving a roadway clearance of eighteen feet between curbs. On top of the curbs are pipe railings about two and a half feet high. The road approaching and beyond the bridge is thirty feet wide. At the time of the accident, it was graveled to a width of eighteen feet in the middle, with a six-foot shoulder on each side.

The cause came on for trial to the court, sitting without a jury. At the close of plaintiff's evidence, defendants interposed a motion for nonsuit, which the court granted. From judgment dismissing the action, plaintiff appeals.

The motion for nonsuit was granted on the ground that appellant was guilty of contributory negligence as a matter of law. Among other things, Rem. Rev. Stat., Vol. 7A, § 6360-79 [P. C. § 2696-837], provides:

"It shall be unlawful for any person operating a vehicle upon any public highway outside incorporated cities and towns to overtake and pass another vehicle upon any highway structure, tunnel or underpass or within five hundred (500) feet of the approach thereto."

Violation of such a statute is negligence *per se.* *Johnson v. Heitman,* 88 Wash. 595, 153 Pac. 331; *Fairchild v. Dean,* 198 Wash. 1, 86 P. (2d) 271.

Appellant endeavors to escape the consequences of the rule on two theories: (1) That the term "highway structure," as used in the statute, is so ambiguous as to render the provision ineffective; (2) that, in any event, violation of the statute was not a proximate cause of damage.

*First:* Appellant argues that cuts and fills are highway structures, and that, obviously, the term, as used in the statute, was not intended to apply to them. Conceding the point, we fail to perceive how it helps appellant. That a bridge is a "highway structure" in contemplation of the statute, there can be no doubt. Under the facts of this case, there is no conceivable ambiguity in what the term means. Because, under some imaginary circumstances, the term might be considered ambiguous, is no reason for holding the statute ineffective with respect to what plainly falls within the term.

*Second:* That appellant's violation of the statute was a proximate cause of his damage, is hardly debatable. If he had not attempted to pass on the bridge, he would not have hit the rail. Indeed, if he had waited to pass until after he had crossed the bridge, he would have had an additional margin of safety of six feet—the width of the shoulder.

Judgment affirmed.

ROBINSON, C. J., BEALS, MILLARD, and JEFFERS, JJ., concur.