# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Dependency of | No. 49927-4-II |
| J.E.D.A., Jr., | |
| A Minor Child. | UNPUBLISHED OPINION |

Sutton, J. — Helerina Mokis appeals the superior court's order denying her motion for revision of the court commissioner's decision dismissing her as a party from her nephew's dependency case. She argues that the court commissioner made an insufficient record relating to the qualifications of the noncertified interpreter who assisted her in the dependency case. She requests that this court remand the case and order a reference hearing under RAP 9.11 for additional evidence regarding the interpreter's qualifications under RCW 2.43.030. The State concedes the error. We accept the State's concession, and reverse and remand for the superior court to conduct a new hearing on Mokis's motion for revision before a properly qualified interpreter as required under RCW 2.43.030.

FACTS

JEDA is the nephew of Helerina Mokis. When JEDA was three months old, he was sent to live with his paternal aunt, Mokis. Mokis took care of JEDA for four years prior to this action. Mokis speaks no English but speaks Chuukese, a language native to Micronesia. At some point while JEDA was living with Mokis, she requested that JEDA's mother, who was living in Hawaii,

send paperwork establishing Mokis's custody over JEDA. JEDA's mother signed and notarized a power of attorney to Mokis regarding JEDA.

In 2016, after receiving a report that JEDA had been medically neglected, CPS (Child Protective Services) placed JEDA into protective custody. DSHS (Department of Social and Health Services) then filed a dependency petition and named Mokis as the alleged legal guardian. Later, DSHS moved to dismiss Mokis from the dependency case because she was not in fact JEDA's legal guardian and she did not have legal custody of JEDA.

A hearing was held before a court commissioner on the State's motion to dismiss Mokis as a party. On August 18, Mokis appeared at the hearing with an interpreter and a court appointed attorney. VRP at 1. The interpreter was not state certified by the Administrative Office of the Courts (AOC) because AOC does not certify Chuukese interpreters in Washington.[1] The court commissioner held the following colloquy with the interpreter:

[Court]: And, sir, could you identify yourself, please.
[Interpreter]: My name is Helper Modou, M-O-D-O-U, Chuukese interpreter.
[Court]: And you're the legal interpreter here today?
[Interpreter]: Yeah.
[Court]: All right. Thank you. And you're interpreting for?
[Interpreter]: I'm interpreter for Helerina Mokis.
[Court]: Okay. And that's [defense counsel's] client.
[Defense Counsel]: Yes.
[Court]: Okay. Go ahead, sir.

Verbatim Report of Proceedings at 4. No one objected to this colloquy and the court commissioner asked no other questions of the interpreter. Mokis did not testify at this hearing. The court commissioner granted the State's motion to dismiss Mokis as a party because she was not JEDA's

---

[1]https://www.courts.wa.gov.programs_orgs/pos_interpret/index.cfm?fa=pos_interpret.display&fileName=certifiedInterpreters (last visited October 18, 2017).

legal guardian and she did not have legal custody of JEDA and, thus, she was not entitled to participate as a party in the dependency action involving JEDA.

Mokis then filed a motion for revision of the court commissioner's decision under RCW 2.24.050 to the superior court. The superior court denied the motion for revision. Mokis appeals the court commissioner's order on the basis that the commissioner did not properly ensure that the interpreter was qualified as required by statute.

## ANALYSIS

### I. ERROR

Mokis argues that the court commissioner erred by not ensuring that the interpreter was qualified as required under RCW 2.43.030.[2] The State concedes the error. We agree that the court commissioner erred by not ensuring that the interpreter for Mokis was properly qualified under RCW 2.43.030. Because we reverse and remand, we do not address Mokis's other arguments.

Under RAP 1.2(a), the rules are to be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Here, both parties acknowledge the error below when the commissioner did not properly qualify the interpreter for Mokis at the hearing on her motion for revision, and we agree that this was error. Thus, we reach the merits of Mokis's appeal.

Although there is no constitutional right to a certified court interpreter; there is a statutory right to a certified court interpreter.[3] RCW 2.43.030; *State v. Aljaffar*, 198 Wn. App. 75, 83, 392

---

[2] Mokis's appeal originally alleges that this error was also structural error. However, in her reply brief, Mokis concedes that current Supreme Court precedent holds that structural error does not apply in the civil context. *In re Det. of Reyes*, 184 Wn.2d 340, 348, 358 P.3d 394 (2015). Due to this precedent, the "structural error" argument should not be considered.

[3] Mokis also argues that she was denied procedural due process. However, constitutional due process only guarantees her an interpreter, which she had at the hearing. *State v. Aljaffar*, 198 Wn.

P.3d 1070, *review denied*, 188 Wn.2d 1021 (2017).  Absent a finding of good cause, Washington courts are required to appoint an interpreter who is certified by the AOC to assist non-English speakers.  RCW 2.43.030.

If good cause is found for using a noncertified interpreter, the court then must make a preliminary determination that the proposed interpreter is able to interpret accurately all communications to and from such person in that proceeding.  RCW 2.43.030(2).  The court must satisfy itself, on the record, that the proposed interpreter:

> (a) Is capable of communicating effectively with the court or agency and the person for whom the interpreter would interpret; and
> (b) Has read, understands, and will abide by the code of ethics for language interpreters established by court rules.

RCW 2.43.030(2).  Here, the commissioner asked who the interpreter was, but did not determine whether the interpreter was capable of translating, or whether the interpreter had read the code of ethics.  Because the court commissioner did not satisfy itself on the record as to the interpreter's qualifications, the commissioner erred by violating RCW 2.43.030(2).  Even though Mokis did not object at the hearing to the interpreter's qualifications, as stated above, the State concedes the error.  And we accept the State's concession.

## CONCLUSION

We reverse and remand for the superior court to conduct a new hearing on the merits of Mokis's motion for revision before a properly qualified interpreter under RCW 2.43.030.

---

App. 75, 83, 392 P.3d 1070, *review denied*, 188 Wn.2d 1021 (2017).  Therefore, the only right applicable to this appeal is the statutory right to a certified interpreter.  RCW 2.43.030.  Thus, because this right is statutory, her due process argument fails.

No. 49927-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, J.

MAXA, A.C.J.